# UNITED STATES DISTRICT COURT

**Durham Division**

**Dr. Julie M. Seel,**
Petitioner–Movant,

v. Civil No. _____





United States of America
Internal Revenue Service
Revenue Agent **LaDonya C. Francis** (official & individual capacities)
Group Manager **Rachel Moninger** (official capacity)
**Pathward, N.A.**
**Cash App / Block, Inc.**
**Zelle / Early Warning Services, LLC**
**Venmo / PayPal Holdings, Inc.**

**Respondents.**

## EMERGENCY MOTION TO QUASH IRS SUMMONSES,

FOR PROTECTIVE ORDER, TEMPORARY STAY, AND EXPANDED JUDICIAL REVIEW

Petitioner **Julie M. Seel** ("Petitioner" or "Dr. Seel"), pursuant to **26 U.S.C. §§ 7602, 7609**, and controlling precedent including *United States v. Powell*, 379 U.S. 48 (1964), respectfully moves this Court to:

1.  **Quash** the four third-party summonses issued by the Internal Revenue Service ("IRS") on or about September 23–25, 2025;

2.  **Enter a protective order** to limit further disclosure of Petitioner's personal, medical, and ADA-protected information;

3.  **Stay enforcement** pending full judicial review and referral to the Treasury Inspector General for Tax Administration ("TIGTA") for investigation of retaliation and abuse of process; and

4.  **Extend federal review** to encompass the intertwined civil, criminal, and administrative proceedings that demonstrate a continuing pattern of retaliation and misuse of process against Petitioner and her witnesses, including *Seel v. Mihaly*, No. 24 CVS 4389 (N.C. Super. Ct., Durham County).

---

## I. INTRODUCTION AND EMERGENCY BASIS

This matter arises from an extraordinary and escalating pattern of **retaliation, judicial bias, and abuse of coordinated state and federal authority.** The IRS's recent third-party summonses—issued immediately after confirming an extension of Petitioner's filing deadline to **October 31, 2025**—coincide with intensifying harassment and procedural irregularities in *Seel v. Mihaly* and

1

related administrative actions. These events cannot be viewed in isolation but as part of a unified effort to silence and discredit an **ADA-protected whistleblower** through misuse of governmental process.

The record demonstrates that the IRS summonses were **not issued in good faith**, but instead stem from or were influenced by retaliatory conduct orchestrated by Petitioner's former counsel, **Randy James**, acting in concert with **Robert Mihaly** and affiliated state and licensing officials. Their coordinated actions produced three fabricated criminal charges, baseless professional-board complaints, and false FAA reports—each devoid of evidence or credible witnesses—and were pursued for personal and financial gain while Petitioner was medically vulnerable and unrepresented. Former counsel **constructively abandoned representation**, mishandled confidential information, and continues to align with those responsible for this retaliatory campaign through ongoing participation in related proceedings, apparently to avoid personal liability for multiple acts of malpractice. This cumulative pattern directly connects the IRS audit and summons activity to those same improper state actions, warranting **federal intervention and protective review**.

---

### 1. Defective and Inconsistent Notice

On **April 8, 2025,** the IRS issued two contradictory letters: one sent to **Greensboro, NC**—a city where Petitioner has never resided—demanding response within ten days, and another sent to **Durham, NC** stating that no action was required and the audit would continue for one year. The letters were internally inconsistent, misaddressed, and violated **26 U.S.C. § 7602(c)** and **IRM 4.11.57.4.1**, depriving Petitioner of lawful notice and exposing confidential identifying information. *(Ex. A, SEEL_PUB_0001; Ex. A-A, SEEL_SEALED_0001; Ex. B, SEEL_PUB_0002; Ex. B-A, SEEL_SEALED_0002.)*

---

### 2. Denial of Statutory and Constitutional Protections

Despite multiple written and oral requests, the IRS denied all hardship and ADA accommodations, disregarding documented **PTSD and cancer-related disabilities,** verified safety threats, and contemporaneous retaliation by opposing parties in state proceedings. On **September 25, 2025,** the IRS admitted that Petitioner's confidential information had been improperly disclosed on **April 8, 2025**—the same day the conflicting audit notices were generated. *(Ex. H, SEEL_PUB_0039 – 0041; Ex. H-A, SEEL_SEALED_0044 – 0045.)*

---

### 3. Temporal and Contextual Targeting

The timing of the IRS's actions mirrors escalation points in *Seel v. Mihaly*, as well as retaliatory filings before the North Carolina Psychology Board and other agencies. The synchronized pressure across multiple legal forums reflects **coordination rather than coincidence,** supporting a clear inference of improper purpose.

2

### 4. Systemic Denial of Representation and Due Process

Petitioner has been effectively **blacklisted from legal representation** in civil, criminal, FAA, and tax matters. The IRS knew that Petitioner relied exclusively on **CPA Antonio McDaniel** as her authorized contact, yet on **September 23, 2025**—one day after confirming his authority and an agreed October 31 deadline—the agency issued four third-party summonses without notifying him. These summonses compel Petitioner's appearance on **October 21, 2025**, while Mr. McDaniel remains out of state caring for his ill mother.
*(Ex. M, SEEL_PUB_0054 – 0055; Ex. M-A, SEEL_SEALED_0055 – 0056.)*

### 5. Judicial Bias and Retaliation in the State Proceeding

In *Seel v. Mihaly*, Petitioner continues to face **judicial hostility and denial of due process**. Despite extensive evidence of harassment, stalking, and extortion by Defendant Mihaly, the presiding judge—who previously served as a prosecutor in a related homicide case involving Petitioner—has refused to recuse despite clear bias, twice silenced Petitioner when she raised safety concerns, and tolerated manipulation of court records. The court has permitted Mihaly to appear **pro se on behalf of an LLC** despite his exclusion from the North Carolina Bar and the statutory requirement that an entity be represented by counsel. Meanwhile, pre-trial injunctive relief has remained "under advisement" for more than a year as Petitioner endures ongoing threats and reputational harm.

### 6. Ongoing Retaliation Against a Federal Witness

Mihaly has escalated his harassment campaign by targeting Petitioner's key witness, **Tina Motley Pearson**, filing a **misdemeanor stalking charge** (*Orange County No. 25CR437737-670*) and a **temporary order of protection** after she exercised her **First Amendment rights** to expose his conduct and support Petitioner's defense. This mirrors Mihaly's prior extortionate communications to Petitioner and constitutes continued **witness intimidation and obstruction of justice.**
*(Ex. K, SEEL_PUB_0052; Ex. K-A, SEEL_SEALED_0051 – 0053.)*

## II. BASIS FOR EXPANDED FEDERAL REVIEW

Under *United States v. Powell*, 379 U.S. 48 (1964), and *United States v. Clarke*, 573 U.S. 248 (2014), an IRS summons must be quashed when the taxpayer demonstrates that the agency acted in **bad faith,** for **harassment,** or to gain **collateral advantage** in other disputes. Here, the evidence establishes that federal powers are being **misused to reinforce state-based retaliation,** implicating overlapping constitutional violations and a continuing **abuse of process.**

The IRS summonses are not isolated administrative acts. They form part of a broader pattern of **cross-forum retaliation and collusion** involving state courts, administrative agencies, and professional boards—all arising from the same operative facts and all targeting an **ADA-protected**

3

**whistleblower.** The misuse of confidential taxpayer data, the coordination of notices with state-court events, and the denial of hardship protections collectively demand **expanded federal oversight** to halt this ongoing harm.

Accordingly, Petitioner respectfully requests that this Court:

- **Exercise its ancillary and protective jurisdiction** to review the complete record of *Seel v. Mihaly* and related administrative proceedings, which together constitute the factual foundation of the retaliatory IRS action;

- **Refer this matter to the Treasury Inspector General for Tax Administration (TIGTA)** and the **Department of Justice Office of Professional Responsibility (OPR)** for investigation into the misuse of confidential taxpayer records, denial of statutory rights, and potential collusion between federal and state actors;

- **Direct the United States Department of Justice** to undertake a full and independent investigation into **Robert Mihaly's multi-decade pattern of art, business, tax, and romance fraud,** as well as his ongoing acts of **extortion, intimidation, and cyberstalking,** and the **collusive conduct of state and federal actors operating under color of law** that has systematically deprived Petitioner and witnesses of their constitutional rights and safety;

- **Issue a comprehensive protective order** for **Petitioner and witness Tina Motley Pearson,** both of whom meet the criteria for protection under **N.C. Gen. Stat. § 50B-1 et seq.,** prohibiting further harassment, stalking, intimidation, or contact by **Robert Mihaly,** his associates **Roy Taylor** and **Randy James,** or any agents or representatives of the **North Carolina Psychology Board;**

- **Order the immediate takedown of all defamatory and harassing online content,** including the website *www.JulieSeel.com* and any related social-media postings or smear campaigns, which constitute unlawful cyberstalking and ongoing witness intimidation in violation of **18 U.S.C. § 1512, 18 U.S.C. § 2261A,** and **N.C. Gen. Stat. § 14-277.3A;**

- **Stay enforcement of the IRS summonses and all related state and administrative proceedings** pending completion of a full federal review, including the NC Psychology Board's retaliatory investigation initiated under **Deputy Attorney General Sandro Panico,** whose conduct in accepting and advancing falsified evidence violated due process and federal whistleblower protections; and

- **Consider consolidation or supplemental jurisdiction** under **28 U.S.C. § 1367,** invoking its **inherent equitable authority** to prevent further constitutional violations, harassment, and misuse of process arising from overlapping state and federal actions.

An integrated federal review and coordinated protective response are essential to **restore procedural fairness, safeguard witnesses,** and **protect the integrity of judicial and administrative processes** from continued retaliation under color of law.

Given the intertwined nature of these proceedings and the credible evidence of retaliation, collusion, and deprivation of rights under color of law, Petitioner invokes this Court's jurisdiction to

4

exercise its **full equitable and protective authority**. Only through unified federal review can the Court restore due process, prevent further retaliation against Petitioner and witnesses, and ensure that federal powers are not subverted to perpetuate ongoing misconduct through state or administrative channels. Accordingly, Petitioner submits that the Court's jurisdiction is properly invoked as follows.

## III. FEDERAL COURT AUTHORITY AND EQUITABLE POWER

This Court possesses both **statutory jurisdiction** and **inherent equitable power** to intervene where federal authority is being misused to facilitate retaliation, violate constitutional rights, or obstruct access to justice. Under **26 U.S.C. § 7609(h)(1)** and **28 U.S.C. §§ 1331, 1346**, the United States District Courts have original jurisdiction over proceedings to quash IRS third-party summonses and to adjudicate federal claims arising under the Constitution and laws of the United States.

Additionally, pursuant to **28 U.S.C. § 1367** and the Court's **ancillary and supplemental jurisdiction**, the Court may review and address related state and administrative proceedings that share the same nucleus of operative fact. Federal review is particularly warranted where, as here, the **IRS summons activity, state-court misconduct**, and **licensing-board retaliation** are inseparably linked in purpose and effect.

The Court's equitable powers extend beyond simple adjudication of the summons dispute. Federal courts are empowered to issue **injunctive and protective orders** to prevent the abuse of federal or state process, to preserve witness safety, and to safeguard constitutional guarantees of **due process, equal protection,** and **free expression**. See *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *Porter v. Warner Holding Co.*, 328 U.S. 395 (1946). Where judicial or administrative mechanisms have been co-opted to silence a litigant or witness, the federal court has a duty to act as the **ultimate guardian of constitutional rights**.

Accordingly, this Court is both authorized and obligated to:

1. **Quash or narrow** the defective IRS summonses and stay their enforcement pending full review;

2. **Exercise supplemental and protective jurisdiction** over interconnected state-court and licensing-board actions to ensure a unified and constitutionally sound adjudication;

3. **Enjoin further retaliatory or coercive conduct** by federal, state, or private actors acting under color of law; and

4. **Protect witnesses and whistleblowers**—including Petitioner and Tina Motley Pearson— whose testimony and safety are jeopardized by continuing intimidation and misuse of process.

Through this exercise of statutory and equitable authority, the Court can restore the integrity of judicial oversight, reaffirm the supremacy of federal constitutional protections, and ensure that the instruments of government are not weaponized against those who seek lawful redress.

5

## IV. JURISDICTION & VENUE

This Court has **original jurisdiction** under **26 U.S.C. § 7609(h)(1)** and **28 U.S.C. §§ 1331 and 1346**, granting authority to hear actions to quash IRS third-party summonses and to adjudicate claims arising under the Constitution and laws of the United States. The Court also has **supplemental jurisdiction** under **28 U.S.C. § 1367(a)** to review and address state-court and administrative proceedings that arise from the same operative facts, including *Seel v. Mihaly* and the related North Carolina Psychology Board actions, which form the factual and procedural context of the present retaliatory audit.

Exercise of jurisdiction is further warranted under the Court's **inherent equitable powers** to prevent misuse of process, retaliatory enforcement, and coordinated deprivation of constitutional rights under color of state or federal law. See *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). Where federal authority has been manipulated to reinforce state retaliation, this Court may and should extend protective oversight to restore due process and judicial integrity.

Venue is proper in the **Middle District of North Carolina** under **28 U.S.C. § 1391(e)** because (1) the relevant third-party recordkeepers and IRS officials reside or are located within this District, and (2) Petitioner resides within its jurisdictional boundaries. All acts and omissions giving rise to this action occurred in substantial part within this District.

### Petitioner

**Julie M. Seel, Ph.D.**, is a veteran, a licensed clinical psychologist, and resident of North Carolina, appearing *pro se* after being effectively deprived of access to legal counsel within the State of North Carolina. She is a **qualified individual with a disability** under the **Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.**, based on diagnosed **post-traumatic stress disorder (PTSD)** and a **history of breast cancer**, both of which substantially limit one or more major life activities. Petitioner brings this action to obtain protection from ongoing retaliation, misuse of federal and state authority, and violations of her constitutional and statutory rights.

### Respondents

1. **United States of America**, acting through the **Department of the Treasury** and the **Internal Revenue Service (IRS)**.

2. **Revenue Agent LaDonya C. Francis**, in her **official and individual capacities**, for actions taken in connection with the April 8, 2025 audit notices and issuance of the challenged summonses.

3. **Group Manager Rachel Moninger**, in her **official capacity**, as supervising official responsible for oversight of the audit and subsequent summons enforcement actions.

4. **Pathward, N.A.**, a **third-party record custodian** named in the challenged summonses.

5. **Cash App / Block, Inc.**, a **third-party record custodian** named in the challenged summonses.

6. **Zelle / Early Warning Services, LLC**, a **third-party record custodian** named in the challenged summonses.

7. **Venmo / PayPal Holdings, Inc.**, a **third-party record custodian** named in the challenged summonses.

**Additional Individuals Referenced in the Record (Not Named Respondents)**
The following individuals and entities appear in the factual record but are **not named respondents** in this proceeding:

- **Robert Mihaly,** opposing party in *Seel v. Mihaly*, No. 24 CVS 4389 (Durham Cnty. Super. Ct.).

- **Randy James,** former counsel to Petitioner and alleged participant in coordinated retaliatory acts.

- **Roy Taylor,** associate of Robert Mihaly, law enforcement officer and former business partner giving false testimony and engaged in physical intimidation inside courthouse in coordination with Mihaly and Person County Sheriff Department.

- **Sondra Panico,** Deputy Attorney General and counsel for the North Carolina Psychology Board, involved in related administrative actions.

- **Tony Huelsman,** homicide investigator in the **Bill Bishop** matter, referenced as part of Petitioner's prior whistleblower activity.

- **Tina Motley Pearson,** witness and declarant providing corroborating testimony in support of Petitioner's claims of harassment and retaliation.

## V. BACKGROUND / TIMELINE

### A. Related State Litigation and Safety Context — *Seel v. Mihaly*, 24 CVS 4389 (Durham County Superior Court)

**Julie M. Seel, Ph.D.,** is a veteran, a licensed clinical psychologist, and resident of North Carolina, appearing *pro se* after being effectively deprived of legal representation and blacklisted from obtaining counsel within the State of North Carolina. Despite these barriers, she continues to navigate complex and concurrent legal, administrative, and regulatory proceedings in good faith.

Petitioner is a **qualified individual with a disability** under the **Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.**, based on diagnosed **post-traumatic stress disorder (PTSD)** and a **history of breast cancer,** both of which substantially limit one or more major life activities.

Petitioner brings this action to obtain protection from **ongoing retaliation, misuse of federal and state authority**, and **violations of her constitutional and statutory rights**, seeking fair process and judicial oversight consistent with federal law.

From 2023 through 2025, Petitioner Dr. Julie M. Seel has been simultaneously defending and prosecuting matters in state and administrative forums arising from a long-running civil dispute

7

with Robert Mihaly. She alleges that the conduct of the Durham County Superior Court has created a hostile and unsafe environment for her and her witnesses, characterized by irregular procedures, denial of protection, and exposure of private information.

The record reflects repeated instances that, taken together, show a pattern of hostility and deprivation of due process:

1. **Unaddressed safety motions and record irregularities.**
   Petitioner filed multiple urgent motions for protection that were not timely ruled (and continue to be "under advisement" since **August 27, 2024,** upon while Mihaly continued to submit extensive and defamatory pleadings—including a 330-page filing mailed to her private address and later publicized online. Portions of her objections and oral statements were omitted from transcripts, contrary to N.C. Gen. Stat. §§ 1-283, 7A-95, and 150B-37(a)(2).

2. **Tolerance of malicious prosecution.**
   Mihaly initiated several criminal complaints that were later dismissed. Despite evidence of coordinated retaliation, the court declined to intervene or to provide protective measures. He has now brought criminal complaint against witness Tina Motley Pearson for exposing him via YouTube, only due to Plaintiff's inability to get protection from the court for both as Mihaly continues to harass to silence both witnesses.

3. **Improper representation and procedural irregularities.**
   The court permitted Mihaly—identified as a law-school graduate who has not been admitted to the bar—to appear *pro se* on behalf of an LLC, contrary to state law requiring counsel for artificial entities, and has taken multiple actions with the court using his inoperative counterclaim, while engaging in criminal activity to silence her from exposing his multi-decade criminal activity. This has allowed continued filings that Petitioner asserts were intended to harass and damage her reputation. The court also allowed for untimely hearings for motions related to silencing witnesses based on non operative counterclaim and many other irregularities while denying ADA and Whistleblower protection. (Ex. J, SEEL_PUB_0045 – 0051; Ex. J-A, SEEL_SEALED_0048 – 0050)

4. **Denial of ADA and whistleblower protections.**
   Petitioner, who has documented PTSD and a history of breast cancer, contends she was denied reasonable accommodation and protection in violation of the First, Fifth, and Fourteenth Amendments, the ADA (42 U.S.C. § 12132), and § 504 of the Rehabilitation Act. She cites *Harrison v. Harrison*, 180 N.C. App. 452 (2006), and *State Employees Ass'n of N.C. v. N.C. Dep't*, 695 S.E.2d 91 (N.C. 2010), as supporting precedent.

5. **Retaliation linked to public advocacy.**
   Petitioner previously served as the key witness and partner of homicide victim Bill Bishop. She and Investigator Tony Huelsman publicly criticized prosecutorial handling of that case, which she asserts led to lasting retaliation. Their communications described the system as "absolutely broken." Huelsman was later cleared after internal investigation, but both were discredited by the DA's office. Petitioner also discovered that Robert Mihaly- a person who holds himself out as a public figure and a full-time professional marble sculptor prodigy –

who has also conned Sen. John Edwards and Elizabeth Edwards and Coach Dean Smith into buying his masterpieces, in fact simply bought them from China and pretended to hand carve. He has an extensive history of preying on vulnerable people, as he did Dr. Seel. While trying to protect the public, because he is clearly being protected by various Sheriff's Departments and DA's and NC Licensing Board and Durham Superior Court, she has been the one silenced, charged with crimes, and having her reputation smeared via malicious postings and webites. The NC Psychology Board continues to prosecute her based on a known retailitory complainant Robert Mihaly and without any independent, contemporaneous evidence or witness and violated her due process throughouhg. She cannot get protection in the NC Court of Appeals for her or her witnesses and is in dire need of protection and help from the federal government, and cannot adequately protect or provide for her child in this State under these conditions.

This context, Petitioner contends, provides the backdrop for subsequent retaliatory actions in professional, criminal, and now federal-tax forums.

---

### B. Coordinated Retaliation and Blacklisting (2023 – 2025)

Between 2023 and 2025, Petitioner faced an escalating series of proceedings that appear temporally and substantively inter-related:

- One felony and two misdemeanor charges—all dismissed;

- More than a dozen professional-licensing complaints;

- An FAA report; and

- A sustained cyberstalking and doxxing campaign exposing private information.

Petitioner attributes these coordinated efforts partly to former attorney Randy James, who, under what he described as a "more pain, more gain" strategy, failed to act on filings and allegedly communicated with opposing parties to her detriment. She asserts that this conduct resulted in her effective **blacklisting from legal representation** in multiple concurrent matters.

---

### C. IRS Notice Chronology and Address Irregularities (April – May 2025)

1. **Conflicting April 8 letters** (Ex. A, SEEL_PUB_0001 – 0001; Ex. A-A, SEEL_SEALED_0001 – 0001; Ex. B, SEEL_PUB_0002 – 0002; Ex. B-A, SEEL_SEALED_0002 – 0002).
   On April 8, 2025, the IRS issued two separate letters:

   o *Letter 2295* (4:08 p.m.) to 961 Kimball Dr., Greensboro, NC—a city where Petitioner has never resided—demanded a response within 10 days and warned of possible summonses or third-party contacts; and

   o *Letter 3164-E* (5:12 p.m.) to 961 Kimball Dr., Durham, NC (the correct address) stating that the IRS would contact third parties between May 25, 2025, and May 26, 2026.

9

The issuance of the second letter only one hour later violated the ten-day notice period contemplated by the first letter and the governing procedure of 26 U.S.C. § 7602(c) and IRM 4.11.57.4.1. *(Exs. A–B.)*

2. **Returned mail and use of confidential address (Ex. C, SEEL_PUB_0003 – 0004; Ex. C-A, SEEL_SEALED_0003 – 0004).**
   The misaddressed letters were returned undelivered. On April 25, 2025, the IRS began using Petitioner's **private guarded-community address,** known only to limited state actors and her former counsel, notwithstanding active safety orders and ADA accommodation requests.

3. **Recorded intake call and refusal to pause deadlines.**
   During an intake call, the agent stated the call was being recorded, later denied its existence, and acknowledged Petitioner's hardship rights. Nevertheless, the agent refused to "stop the clock" or refer the matter to TIGTA, citing the misaddressed 10-day letter and unspecified "other notices." Petitioner and her CPA detailed threats, stalking, and harassment by Mihaly, James, Roy Taylor, and the NC Psychology Board, and requested investigation of retaliatory audit initiation.

4. **Hardship and retaliation notice.**
   On May 5, 2025, Petitioner submitted a written hardship and retaliation statement documenting PTSD, cancer history, safety threats, and conflicts, requesting suspension of the audit and referral to TIGTA. No action was taken. *(Ex. D, SEEL_PUB_0005 – 0009; Ex. D-A, SEEL_SEALED_0005 – 0009)*

---

## D. Agent Suitability and Conflict Concerns

Public records (including a TruthFinder report and court filings) reveal that Revenue Agent LaDonya C. Francis has a pending Chapter 13 bankruptcy, a prior bankruptcy, and multiple outstanding tax liens. Petitioner asserts that these circumstances create an appearance of impropriety and warrant supervisory review and possible recusal to ensure impartial administration. (Ex. I, SEEL_PUB_0042 – 0044; Ex. I-A, SEEL_SEALED_0046 – 0047)

---

## E. Escalation and Summons Sequence (September – October 2025)

1. **September 4 and October 14 letters.**
   Petitioner sent detailed written demands seeking a stay and TIGTA referral, citing evidence of coordination across agencies and timing coinciding with state-court hearings. (Ex. E, SEEL_PUB_0010 – 0021; Ex. E-A, SEEL_SEALED_0010 – 0021; Ex. F, SEEL_PUB_0022 – 0033; Ex. F-A, SEEL_SEALED_0022 – 0033)

2. **September 23–25 summons burst.**
   Multiple IRS third-party summonses were issued to banks and peer-to-peer payment platforms (Zelle, Cash App and others), compelling appearance on **October 21, 2025,**

immediately after the originally scheduled *Seel v. Mihaly* trial date. *(Ex. G, SEEL_PUB_0034 – 0034; Ex. G-A, SEEL_SEALED_0034 – 0038).*

3. **September 25 confidentiality-breach notice.**
The IRS informed Petitioner that on or about April 8, 2025, her personal information had been disclosed to an unauthorized party. Petitioner asserts that the IRS subsequently used information from that individual, intensifying harassment and distress in coordination with state and professional proceedings.

---

### F. Third-Party Communications and Attorney Involvement

1. **Randy James correspondence.**
On April 8, 2025 (4:42 p.m.), Petitioner emailed James notice of intent to sue. At 4:56 p.m., he replied:
*"Please realize that once you attack me, the attack lowers the attorney-client shield. I will be free to speak with whomever to defend myself against your spurious and specious claims."*
On April 9 (11:16 a.m.), he reiterated this intent. Petitioner believes these communications corresponded with the issuance of the misaddressed letters and facilitated improper third-party contact.

2. **Former counsel non-cooperation.**
Petitioner reports that James retained work product, failed to communicate during key notice windows, and later coordinated with Mihaly, reinforcing her belief that address irregularities and timing anomalies stemmed from shared information between James, the NC Psychology Board, and IRS personnel.

3. **Failure to provide third-party contact list.**
Despite multiple written requests, the IRS did not produce a list of persons or entities contacted, contrary to 26 U.S.C. § 7602(c).

---

### G. Coordination Between IRS Activity and State / Administrative Proceedings

The IRS actions in 2025 occurred contemporaneously with renewed filings and dismissals in Mihaly's criminal and civil complaints, an FAA submission, and pending NC Psychology Board matters. Petitioner asserts that these converging events demonstrate retaliatory synchronization rather than neutral enforcement.

In parallel, the Durham court advanced proceedings on a non-operative counterclaim derived from already-dismissed criminal and board matters, while pre-trial injunctive relief remained unresolved. Petitioner sought an emergency stay from the North Carolina Court of Appeals, which was denied, further reinforcing her perception of systemic coordination. (Ex. J, SEEL_PUB_0045 – 0051; Ex. J-A, SEEL_SEALED_0048 – 0050)

---

## H. Evidence of Mihaly's Pattern of Retaliation, Fraud, and Abuse

1. **Extortion and threats.**
   Exhibits include a June 17, 2024 extortion email from Mihaly; an October 27, 2024 extortion letter and two October 2025 threatening communications targeting witness Tina Motley Pearson; and an October 6, 2025 temporary restraining order involving Pearson. Petitioner asserts that Mihaly attempted to exclude Pearson as a witness while simultaneously intimidating her—conduct constituting potential witness tampering under state law. (Ex. K, SEEL_PUB_0052 – 0052; Ex. K-A, SEEL_SEALED_0051 – 0053)

2. **Malicious prosecution and dismissed charges.**
   Mihaly has repeatedly filed unsubstantiated criminal and civil claims (money laundering, fraud, tax evasion) against Petitioner and others. The June 29, 2024 misdemeanor larceny charge and August 15, 2024 conversion-by-bailee charge were both dismissed (August 15 and September 21, 2024, respectively).

3. **False tax filings and business misrepresentation.**
   Petitioner reports that Mihaly claimed farmer status on his 2020–2022 returns to operate Castle Mont Rouge as a wedding venue but admitted in deposition he never actually farmed—alleged conduct Petitioner characterizes as tax fraud designed to solicit investments.

4. **Fraud targeting vulnerable individuals.**
   Witness statements and exhibits describe Mihaly's pattern of financial exploitation and misrepresentation toward vulnerable individuals, including the elderly, grieving families, and persons with medical or psychological challenges.

5. **Coordination with state actors.**
   Petitioner contends Mihaly's efforts have been amplified through unauthorized disclosures and procedural manipulation involving state agencies and former counsel. The timing of his filings and public statements consistently coincided with key IRS and board actions, supporting her claim of coordinated retaliation.

6. **Judicial and administrative acknowledgment.**
   Petitioner references judicial admonishments and findings in related proceedings that recognized Mihaly's improper tactics, yet notes that state entities continued advancing his claims, exacerbating harm.

---

## I. Summary of Relevance to the Present Petition

Taken together, these events reveal:

- **Procedural Defects:** The IRS's issuance of contradictory and misaddressed notices, improper third-party contact, and failure to observe the 10-day waiting period.

- **Temporal Targeting:** Agency actions coinciding with pivotal state-court and licensing milestones.

- **Improper Influence:** Communications by former counsel and state actors suggesting collusion or unauthorized information sharing.

- **Heightened Risk and Hardship:** An ongoing pattern of retaliation, safety threats, and disability-related limitations requiring protective intervention.

These background facts collectively demonstrate that the challenged summonses were not issued for a neutral or legitimate tax-administration purpose, but rather under circumstances demanding judicial protection, procedural correction, and independent review by TIGTA.

Petitioner incorporates by reference the detailed factual analysis contained in *Appendix A – Additional Facts Supporting Bad Faith and Abuse of Process*, which further substantiates the institutional irregularities and retaliatory coordination described herein.

---

## VI. LEGAL STANDARD AND ARGUMENT

### A. Governing Legal Principles

Under **26 U.S.C. §§ 7602 and 7609**, the Internal Revenue Service may issue summonses to obtain information for legitimate tax-administration purposes. However, under *United States v. Powell*, 379 U.S. 48 (1964), and **United States v. Clarke**, 573 U.S. 248 (2014), enforcement of an IRS summons is **not automatic**. The agency bears the burden to demonstrate that its actions were undertaken in **good faith**, and not for purposes of **harassment, retaliation, or collateral advantage**.

A summons must be quashed where the taxpayer demonstrates:

1. The investigation is not conducted for a legitimate purpose;

2. The inquiry is irrelevant to that purpose;

3. The information sought is already within the IRS's possession; or

4. The administrative steps required by law have not been followed.
   (*Powell*, 379 U.S. at 57–58.)

Where a taxpayer makes a **"substantial preliminary showing"** of bad faith, the court must permit inquiry into the IRS's purpose and deny enforcement. *Clarke*, 573 U.S. at 254. Judicial intervention is especially appropriate where IRS powers are used in a **retaliatory or coordinated manner** with other state or private actors. See also *United States v. Stuart*, 489 U.S. 353, 359 (1989) (summons enforcement must respect constitutional safeguards).

---

### B. Evidence of Improper Purpose and Retaliation

The record before this Court establishes a **prima facie case of retaliatory misuse of federal process**. Petitioner has demonstrated that the IRS's actions were not independent or neutral, but

13

arose from a **pattern of state-linked retaliation** involving former counsel, state licensing boards, and adverse litigants in *Seel v. Mihaly*.

Key factors establishing improper purpose include:

1. **Temporal Coordination.**
   The September 23–25, 2025 summons burst occurred immediately after CPA **Antonio McDaniel** was promised until October 31, 2025 to file returns and immediately before the scheduled *Seel v. Mihaly* trial. This sequence defies coincidence and evidences retaliatory timing.
   (Ex. F, SEEL_PUB_0022–0033; Ex. F-A, SEEL_SEALED_0022–0033; Ex. M, SEEL_PUB_0054–0055; Ex. M-A, SEEL_SEALED_0055–0056.)

2. **Defective and Contradictory Notice.**
   The April 8, 2025 issuance of two conflicting IRS letters—one misaddressed, one internally inconsistent—violated § **7602(c)** and deprived Petitioner of valid notice.
   (Exs. A–B, SEEL_PUB_0001–0002; SEEL_SEALED_0001–0002.)

3. **Unauthorized Disclosure of Confidential Information.**
   On September 25, 2025, the IRS admitted it had **breached Petitioner's confidentiality** on April 8, 2025—the same date the contradictory audit letters were generated—confirming unauthorized third-party disclosure.
   (Ex. H, SEEL_PUB_0039–0041; Ex. H-A, SEEL_SEALED_0044–0045.)

4. **Refusal to Provide ADA Accommodation or Hardship Relief.**
   Despite clear eligibility under the **ADA** and **IRM 13.1.7.2(3)** (hardship criteria), the IRS refused to suspend deadlines or refer the matter for **Taxpayer Advocate Service** or **TIGTA** review, disregarding written and oral requests.
   (Ex. N, SEEL_PUB_0057–0058; Ex. N-A, SEEL_SEALED_0057–0058.)

5. **Improper Influence and Collusion.**
   Communications from former counsel **Randy James**, promising to "speak with whomever" to defend himself immediately before the audit notices issued, suggest improper coordination with IRS personnel or other agencies.
   (Ex. E, SEEL_PUB_0010–0021; Ex. E-A, SEEL_SEALED_0010–0021.)

6. **Ongoing Witness Intimidation.**
   Mihaly's recent criminal charge and protective order filing against witness **Tina Motley Pearson** (25CR437737-670) represent clear retaliation against a cooperating federal witness.
   (Ex. K, SEEL_PUB_0052; Ex. K-A, SEEL_SEALED_0051–0053.)

These facts collectively establish **bad faith, retaliatory motive**, and **collusion between state and federal actors**—grounds that require judicial protection and denial of enforcement under *Powell* and *Clarke*.

---

14

Case 1:25-mc-00018-UA-JEP    Document 1    Filed 10/16/25    Page 14 of 21

## C. Right to ADA Accommodation and Hardship Relief

The IRS's refusal to recognize Petitioner's documented disabilities and safety risks violates both **Title II of the ADA** and **Section 504 of the Rehabilitation Act**, which mandate equal access and reasonable accommodation in all federal programs.
See *Tucker v. U.S. Dep't of Treasury*, 676 F. Supp. 2d 1288 (M.D. Fla. 2009) (IRS subject to ADA compliance obligations).

Petitioner also qualifies for immediate relief under **26 U.S.C. § 7811** and **IRM 13.1.7.2(3)**, which require issuance of a **Taxpayer Assistance Order (TAO)** where agency action results in significant hardship or endangers health or safety. The agency's denial of that relief constitutes further evidence of retaliatory disregard for lawful procedure.

---

## D. Federal Equitable Authority to Quash, Stay, and Protect

Federal courts possess broad equitable powers to prevent misuse of administrative process and to **protect the integrity of judicial proceedings.**
See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991).
Where federal power has been weaponized in coordination with state retaliation, the Court may extend ancillary protection and oversight.

Accordingly, Petitioner respectfully requests that this Court:

1. **Quash** the four IRS summonses issued September 23–25, 2025;

2. **Stay** all related enforcement proceedings and disclosures;

3. **Refer** the matter to **TIGTA** and the **DOJ Office of Professional Responsibility** for investigation;

4. **Order** the issuance of a **Taxpayer Assistance Order** under § 7811 to suspend enforcement pending review; and

5. **Issue a Protective Order** safeguarding Petitioner and witness **Tina Motley Pearson** from further retaliation, including cyberstalking and defamatory online campaigns (e.g., *www.julieseel.com*), and enjoining continued contact or harassment by **Robert Mihaly, Randy James, Roy Taylor**, and **the NC Psychology Board**.

---

## E. Necessity of Comprehensive Federal Oversight

Given the intertwined nature of state, administrative, and federal conduct described above, Petitioner further requests that the Court exercise its authority under **28 U.S.C. § 1367** to assume **supplemental jurisdiction** over the related state-court and licensing-board matters, and direct a coordinated review to prevent further constitutional violations, witness intimidation, and retaliatory misuse of federal power.

15

This oversight is essential to restore fairness, ensure due process, and prevent the continued exploitation of state and federal mechanisms to retaliate against a disabled whistleblower.

For additional legal authorities and detailed analysis of the *Powell* and *Clarke* standards as applied to the present record, Petitioner incorporates by reference *Appendix B – Detailed Legal Argument (Incorporated by Reference)*.

## VII. REQUESTED RELIEF

For the reasons set forth herein and in the accompanying record, **Petitioner Dr. Julie M. Seel** respectfully moves this Court, pursuant to **26 U.S.C. §§ 7602 and 7609, 28 U.S.C. §§ 1346 and 1367**, and the **Court's inherent and equitable powers** to prevent abuse of process and ensure due process, safety, and ADA compliance, to enter the following relief:

---

### A: Quashal or Narrowing of Summonses

1.  **Quash All Third-Party Summonses.**
    Quash all IRS third-party summonses issued in *In the Matter of Julie M. Seel* (identified in Exhibit G), on the grounds that:

    o   The summonses were issued in violation of *Powell's* good-faith requirements;

    o   They were the product of retaliation and improper purpose; and

    o   The IRS failed to comply with mandatory notice and procedural safeguards under **26 U.S.C. §§ 7602(c)** and **7609**.

2.  **Alternative Relief — Narrowing.**
    Alternatively, narrowly tailor the summonses to a defined and limited period and to specific financial institutions directly relevant to any legitimate inquiry, expressly excluding all personal, medical, privileged, or ADA-protected communications and requiring full redaction of personally identifying information.

---

### B. Protective Order for Petitioner and Witness

Issue a comprehensive **Protective Order** pursuant to **Fed. R. Civ. P. 26(c)** and this Court's inherent authority, providing that:

1.  All materials containing medical, psychological, ADA, or safety-related information shall be sealed and accessible only to authorized IRS personnel for legitimate tax-administration purposes;

2.  All filings shall be redacted to remove private addresses, contact information, and personally identifying data;

3.  Any disputes regarding privilege or ADA-protected content shall be reviewed **in camera**; and

16

4. Respondents shall be prohibited from redisclosing any information obtained through these summonses for non-tax purposes, including litigation or administrative proceedings unrelated to federal tax law.

5. **Personal Safety Protections.**
Issue **protective orders** under **18 U.S.C. § 1514** and related authority protecting both **Dr. Seel and federal witness Tina Motley Pearson** from further harassment, stalking, or retaliation by **Robert Mihaly**, **Randy James**, **Roy Taylor**, or agents of the **North Carolina Psychology Board**, and direct immediate removal of defamatory or threatening online content, including the website **www.Julieseel.com** and associated postings.

## C. Stay of Enforcement Pending Full Federal Investigation

Stay enforcement of all IRS summonses and any compelled appearance currently set for **October 21, 2025 with an agent that is currently furloughed due to government shutdown and CPA Antonio McDaniel is unable to attend,** or otherwise pending, until:

1. Completion of an independent **TIGTA** and **DOJ** investigation into retaliation, misuse of confidential data, and collusion with state actors;

2. Full judicial review of the summonses' legitimacy under *Powell* and *Clarke*; and

3. Confirmation that the IRS has corrected all procedural and constitutional defects in notice, disclosure, and administrative compliance.

## D. Certification and Accountability

Order the **United States** and the **IRS** to file a sworn **Powell certification** and disclosure within fourteen (14) days, identifying:

1. The legitimate purpose for each summons;

2. The specific information sought and its relevance;

3. All materials already in the IRS's possession; and

4. Administrative steps taken, including issuance, notice, supervisory review, and third-party contact logs.

The certification shall also include a verified statement identifying **all persons or entities contacted regarding Petitioner on or about April 8, 2025,** and explaining the source and timing of the IRS's change to Petitioner's private guarded-community address.

17

**E. Preservation and Forensic Review**

To determine the origin and potential coordination of retaliatory action, order **limited preservation and production of routing metadata** for the period **April 1 – October 14, 2025,** including:

1. **IRS Internal Communications.**
   Non-content routing metadata (to/from/subject/date/time) for the assigned agent, IRS address-management staff, and supervisors related to Petitioner's audit.

2. **Former Counsel and State Agency Communications.**
   Routing data between:

   o   Former counsel **Randy James** (tel. 336-403-0844) and **IRS.gov** domains;

   o   **NC Psychology Board** personnel, including **Deputy Attorney General Sondra Panico,** and **IRS.gov** domains; and

   o   **Robert Mihaly, Roy Taylor,** or associated third parties connected to the April 8 address irregularities or disclosures.

3. **Confidentiality Safeguards.**
   No message content shall be reviewed absent further Court order. Preserved data shall be used solely for this proceeding and related **TIGTA** or **DOJ** inquiries.

---

**F. Supervisory and Federal Oversight**

Direct the **IRS** to transmit this Order and supporting exhibits to:

1. **The Treasury Inspector General for Tax Administration (TIGTA)** — for investigation of retaliatory intent, misuse of taxpayer data, and violations of **26 U.S.C. § 7214(a)(8);**

2. **The National Taxpayer Advocate (TAS)** — for oversight and relief coordination; and

3. **The U.S. Department of Justice, Office of Professional Responsibility and Criminal Division** — for comprehensive review of:

   o   **Robert Mihaly's** long-term fraudulent and extortionate schemes involving art, business, romance, and tax deception;

   o   Collusion under color of law by state actors and private individuals to deprive Petitioner and witnesses of constitutional rights; and

   o   Misuse of legal and administrative systems to perpetuate retaliation against a federal whistleblower.

---

**G. Federal Review of Related State Proceedings**

1. **NC Psychology Board Proceedings.**
   Order a **full judicial review** of all proceedings by the **North Carolina Psychology Board,**

including actions taken under the direction of **Deputy Attorney General Sondra Panico,** and issue a **temporary stay** of any current deliberations, sanctions, or orders pending federal examination for due process and retaliation violations.

2. **State Court Civil Proceedings (Seel v. Mihaly, No. 24 CVS 4389).**
   Exercise or recommend **federal removal** or consolidation of the related state-court matter for comprehensive review, requiring:

   - That **Robert Mihaly,** as a pro se litigant for an LLC, obtain licensed counsel;

   - That all related claims and actors (including **Randy James, Roy Taylor,** and **NC Psychology Board**) be joined as necessary parties; and

   - That ongoing threats, extortion, and misuse of judicial process be examined for potential criminal and civil-rights violations.

---

## H. Equitable and Ancillary Relief

Grant such additional relief as the Court deems just and proper, including:

- Appointment of a **federal magistrate or special master** to coordinate the oversight of ADA and whistleblower protections;

- Any **injunctive or supervisory measures** necessary to prevent further retaliation or misuse of federal or state process; and

- Any **ancillary orders** required to restore safety, integrity, and fairness to the proceedings involving Dr. Seel and her witnesses.

---

## I. Conclusion

These requests collectively seek to restore due process, prevent continued retaliation, and ensure that the authority of this Court extends to the full pattern of misuse that has crossed federal, state, and administrative lines.

The relief requested is narrowly tailored, legally warranted, and necessary to protect both **Petitioner and her witnesses** from further harm while ensuring accountability under federal law.

All relief requested herein is sought without prejudice to further amendment or supplemental filing upon discovery of additional evidence.

## VIII. CERTIFICATION OF MEET-AND-CONFER / SPEEDY HEARING

Pursuant to **Local Civil Rule 7.1(b)** and **Federal Rules of Civil Procedure 6(c) and 57,** Petitioner **Dr. Julie M. Seel** hereby certifies as follows:

---

### 1. Meet-and-Confer Efforts

Petitioner has made repeated, good-faith efforts to resolve this matter directly with the Internal Revenue Service before filing this Petition. Specifically, she:

- **Submitted a written hardship and retaliation notice** to the assigned Revenue Agent on **May 5, 2025**, requesting a stay of enforcement and referral to the **Treasury Inspector General for Tax Administration (TIGTA)**;

- **Followed up in writing** on **September 4, 2025**, and again on **October 14, 2025**, formally demanding that the IRS suspend enforcement actions and initiate an internal investigation; and

- **Requested through counsel-of-record channels** that the IRS voluntarily suspend the audit pending TIGTA's independent review and resolution of confidentiality and ADA-related concerns.

Despite these efforts, the IRS declined to provide relief, to pause enforcement, or to initiate a referral, necessitating this **emergency motion** to protect Petitioner's statutory and constitutional rights.

---

### 2. Emergency Basis and Need for Speedy Hearing

The IRS has scheduled a compelled summons appearance for **October 21, 2025**, creating **imminent and irreparable risk** to Petitioner's privacy, safety, and health.
Enforcement of the summonses prior to judicial review would result in unlawful disclosure of **confidential medical, ADA-protected, and financial information** to third parties and compound ongoing retaliation across related state and administrative forums.

Accordingly, Petitioner respectfully requests an **expedited briefing schedule and emergency hearing** under **Local Civil Rule 7.4** and **Rule 57**, so that the matter may be fully considered **before October 21, 2025**, or at the earliest practicable time.

---

### 3. Proposed Expedited Schedule

To ensure prompt adjudication, Petitioner proposes the following timeline:

- **Respondents' Opposition:** Due within **seven (7) days** of service of this Motion;

- **Petitioner's Reply:** Due within **three (3) days** thereafter; and

- **Hearing:** To be set **as soon as practicable** and **before October 21, 2025**, or on the earliest available date thereafter consistent with the Court's schedule.

Petitioner stands ready to submit **certified exhibits, sworn declarations, and (partially) verified digital records** referenced herein to assist the Court in its emergency review.

Certificate of Service will be filed upon assignment of case number, pursuant to Clerk's direction.

20

Respectfully submitted this **16th day of October, 2025.**

/s/ Julie M. Seel
**Julie M. Seel, Ph.D.**
*Pro Se Petitioner*

[Address Redacted for Public Filing]      95127 Vance Knoll
[City, State ZIP Redacted]                Chapel Hill, NC 27517
Email: [Redacted]
Phone: [Redacted]

Case 1:25-mc-00018-UA-JEP    Document 1    Filed 10/16/25    Page 21 of 21