**APPENDIX A**

ADDITIONAL FACTS SUPPORTING BAD FAITH AND ABUSE OF PROCESS

*(Incorporated by Reference into Main Motion)*

Petitioner incorporates by reference all preceding sections and submits the following supplemental facts establishing that the challenged IRS summonses were issued in **bad faith** and for an **improper, retaliatory purpose,** warranting judicial intervention under *United States v. Powell*, 379 U.S. 48 (1964), and *United States v. Clarke*, 573 U.S. 248 (2014).

---

**A. Violations of Statutory and Procedural Safeguards**

1. **Contradictory Notices and Misaddressed Mailings.**
   On April 8, 2025, the IRS issued two letters—Letters 2295 and 3164-E—to different cities within one hour of each other. This violated **26 U.S.C. § 7602(c)** and **IRM 4.11.57.4.1**, which require at least ten days' notice before initiating third-party contacts. The contradiction deprived Petitioner of lawful notice, a fair opportunity to respond, and the ability to assert statutory rights.
   *(Ex. A, SEEL_PUB_0001 – 0001; Ex. A-A, SEEL_SEALED_0001 – 0001; Ex. B, SEEL_PUB_0002 – 0002; Ex. B-A, SEEL_SEALED_0002 – 0002.)*

2. **Improper Use of Confidential Address.**
   After the April 8 misaddressing, the IRS began using Petitioner's private guarded-community address—known only to limited state officials and former counsel—contrary to **26 U.S.C. § 6103**. The IRS later admitted, in a September 25, 2025 letter, that Petitioner's personal information had been improperly disclosed on April 8, confirming procedural breach and privacy violations.
   *(Ex. H, SEEL_PUB_0039 – 0041; Ex. H-A, SEEL_SEALED_0044 – 0045.)*

3. **Failure to Provide Required Third-Party Contact List.**
   Despite written requests, the IRS has never produced a list of third parties contacted in connection with the audit, violating **§ 7602(c)** and the procedural transparency required for judicial review.

---

**B. Indicators of Retaliatory Motive and Collateral Influence**

1. **Temporal Synchronization with State Proceedings.**
   The IRS's April 8 correspondence and October 21 compelled-appearance date align with critical milestones in *Seel v. Mihaly* and the North Carolina Psychology Board actions. CPA **Antonio McDaniel** was expressly told the IRS would take no further action until after his October 31 filing deadline, yet summonses issued the next day. Mr. McDaniel, now caring for an ill family member out of state, cannot attend the October 21 meeting.
   *(Ex. M, SEEL_PUB_0054 – 0055; Ex. M-A, SEEL_SEALED_0055 – 0056.)*

2. **Third-Party Communications and Former Counsel's Admissions.**
Emails dated April 8–9, 2025, show that **former counsel Randy James** informed Petitioner he would "speak with whomever" in defense of himself, effectively waiving confidentiality. The nearly simultaneous issuance of IRS audit letters supports a reasonable inference that privileged information was shared or misused to instigate IRS action.
*(Ex. E, SEEL_PUB_0010 – 0021; Ex. E-A, SEEL_SEALED_0010 – 0021.)*

3. **State-Court Environment and Access-to-Justice Impairment.**
Durham County Superior Court continues to allow **Robert Mihaly** to represent himself and an LLC pro se—contrary to law—and to file extensive, defamatory pleadings, while Petitioner's safety motions remain "under advisement." This procedural irregularity compounds Petitioner's vulnerability to retaliatory misuse of federal processes.
*(Ex. J, SEEL_PUB_0045 – 0051; Ex. J-A, SEEL_SEALED_0048 – 0050.)*

4. **Former Counsel's Non-Cooperation and Record Withholding.**
Petitioner's former attorney has withheld files and communications from April–May 2025, hindering her defense. Limited discovery and metadata preservation are necessary to identify whether coordination occurred between counsel, the NC Psychology Board, and IRS personnel.
*(Ex. L, SEEL_PUB_0053 – 0053; Ex. L-A, SEEL_SEALED_0054 – 0054.)*

---

### C. Agent-Level Conflicts and Supervisory Oversight Failures

Public records reveal that Revenue Agent **LaDonya C. Francis** currently has an active Chapter 13 bankruptcy and multiple prior tax liens. These circumstances create an appearance of impropriety and call into question the impartiality of audit assignments. The IRS's failure to ensure proper oversight or recusal supports an inference of institutional neglect and bias.
*(Ex. I, SEEL_PUB_0042 – 0044; Ex. I-A, SEEL_SEALED_0046 – 0047.)*

---

### D. Pattern of Multi-Forum Retaliation and Abuse

The same individuals—**Robert Mihaly, Randy James, Roy Taylor,** and officials of the **NC Psychology Board**—recur as instigators or participants in overlapping criminal, civil, FAA, and tax actions. Each escalation has followed Petitioner's exercise of protected rights, including whistleblower filings and ADA accommodation requests. The synchronized timing supports a finding of **bad faith** and **collusive misuse of federal power.**

---

### E. Necessity of Judicial Oversight and TIGTA Referral

Given these cumulative irregularities, judicial oversight is essential to:

1. Ensure compliance with *Powell* and due process requirements;

2. Preserve communications and routing metadata from **April 1–May 15, 2025,** to trace the origin of address changes and unauthorized disclosures;

3. Refer the matter to the **Treasury Inspector General for Tax Administration (TIGTA)** for investigation into retaliatory motive and violations of **26 U.S.C. § 7214(a)(8);** and

4. Safeguard Petitioner's ADA and whistleblower rights through a **protective stay** and restricted disclosure of personal, medical, and safety information.

---

**F. Conclusion**

The cumulative evidence demonstrates that the IRS summonses were **not** issued for a legitimate tax-administration purpose but rather as part of a **coordinated, retaliatory campaign** spanning multiple jurisdictions and agencies. These facts meet the *Powell* bad-faith exception and justify:

- Full or partial quashal of the summonses;
- Issuance of a protective order and stay; and
- Referral for TIGTA investigation and DOJ oversight.