**APPENDIX B**

DETAILED LEGAL ARGUMENT (INCORPORATED BY REFERENCE)

Petitioner incorporates by reference this supplemental argument in further support of her *Emergency Motion to Quash IRS Summonses, for Protective Order, and for Temporary Stay.* This Appendix elaborates the governing standards under *United States v. Powell*, 379 U.S. 48 (1964), and *United States v. Clarke*, 573 U.S. 248 (2014), and applies those principles to the factual record set forth in the main motion and *Appendix A — Additional Facts Supporting Bad Faith and Abuse of Process.*

---

**A. The Summonses Fail the Powell Test Because the Record Demonstrates Improper Purpose — Harassment and Retaliation Coordinated with State-Court Proceedings**

The IRS summonses cannot satisfy *Powell* because the totality of evidence demonstrates a pattern of harassment and retaliatory coordination, not a neutral tax-administration purpose.

1. **Temporal Targeting.**
   The April 8, 2025 misaddressed notices and the compelled-appearance date of October 21, 2025 coincide with critical events in *Seel v. Mihaly*, No. 24 CVS 4389 (Durham Cty.) and with filings before the North Carolina Psychology Board, where Petitioner had pending ADA and whistleblower submissions and active safety motions.
2. **Cross-Forum Echo.**
   The same limited set of individuals — former counsel Randy James, opposing party Robert Mihaly, associate Roy Taylor, and counsel for the NC Psychology Board — appear across criminal, professional-licensing, FAA, and tax actions. Each surge of proceedings aligns with state-court milestones, showing coordinated pressure rather than coincidence.
3. **Agent Admissions and Conduct.**
   Although the IRS characterized the audit as "random," the assigned revenue agent refused to investigate or refer clear retaliation evidence, including the misaddressed notices that deprived Petitioner of her statutory opportunity to respond.

Taken together, these facts support a strong inference of improper purpose and abuse of process, violating *Powell* and *Clarke*.

---

**B. The IRS Failed to Follow Required Administrative Steps and Provide Valid Notice, Defeating Enforcement**

The IRS did not comply with statutory or procedural prerequisites under **26 U.S.C. § 7602** and **§ 7609.**

- Conflicting April 8 letters were mailed to different cities, with the ten-day response period sent to an incorrect address, depriving Petitioner of timely notice and the ability to confer with the agency. *(Exs. A–C.)*
- Returned mail was redirected on April 25 to Petitioner's private guarded-community address, revealing protected information despite active ADA and safety requests.

These violations negate compliance with *Powell's* fourth prong — that "administrative steps were followed."

---

25

**C. The Summonses Are Overbroad and Unduly Burdensome**

The summonses seek expansive financial and communications data from banks and peer-to-peer platforms over multiple years, without identifying a specific tax issue or factual predicate. Under *United States v. Bisceglia*, 420 U.S. 141 (1975), the summons power, though broad, is not boundless; it must remain proportionate to a legitimate investigative purpose.

Here, the breadth of the requests, absent any articulated need, warrants quashal or strict narrowing.

---

**D. A Protective Order Is Necessary to Prevent Further Disclosure of Sensitive and ADA-Protected Information**

Petitioner suffers from PTSD and a history of breast cancer, with documented safety threats and prior privacy breaches linked to the state-court proceedings. To prevent further harm, the Court should order:

1. Sealing of all medical and ADA-related materials;
2. Prohibition on redisclosure of any protected or identifying information; and
3. Limitation of all use of obtained materials strictly to legitimate tax-administration purposes.

Such relief is consistent with the Court's inherent authority and the ADA's requirement of reasonable accommodation in judicial proceedings.

---

**E. A Temporary Stay and TIGTA Referral Are Warranted Pending Investigation of Retaliation**

Petitioner's written hardship and retaliation submissions dated May 5, 2025, and thereafter, gave the IRS clear notice of safety threats, medical limitations, and credible evidence of retaliatory coordination. Nonetheless, the agency expanded its scope to 2020–2022 and compelled appearance on October 21, 2025 — again synchronized with state-court activity.

A temporary stay will not impede legitimate tax enforcement but is essential to:

- Prevent irreparable harm to Petitioner's health and safety;
- Protect ADA and whistleblower rights; and
- Permit the **Treasury Inspector General for Tax Administration (TIGTA)** to investigate potential retaliation, collusion, and procedural abuse.

Such a stay falls squarely within the Court's equitable authority to safeguard constitutional and statutory rights while maintaining oversight of agency conduct.

---

**F. Relief Requested**

Petitioner respectfully requests that the Court:

1. **Quash the Summonses** in full, or, alternatively, narrow their scope consistent with *Powell*;
2. **Issue a Protective Order** sealing all sensitive and ADA-protected materials and prohibiting further disclosure;
3. **Stay Enforcement Pending Investigation** by TIGTA and DOJ Office of Professional Responsibility; and
4. **Refer the Matter to TIGTA and DOJ** for investigation of retaliatory motive, misuse of confidential information, and coordination with state actors.