# Exhibit E

**September 5, 2025 Emergency Demand for Immediate IRS Stay and TIGTA Referral**

Public Version — Redacted per Fed. R. Civ. P. 5.2 and M.D.N.C. L.R. 5.4(c)

Outlook

**Formal Demand for Immediate Stay, Production, and Proof of Authority — IRS Audit of Dr. Julie Seel (TY 2021)**

From Julie Seel ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
Date Thu 9/4/2025 6:59 PM
To ▮▮▮▮▮▮▮▮▮▮▮▮▮:@irs.gov>
Cc ▮▮▮▮▮▮▮▮▮▮@gmail.com>

📎 1 attachment (278 KB)
0904.25 Seel Demand for Immediate IRS stay.pdf;

**Subject:** Formal Demand for Immediate Stay, Production, and Proof of Authority — IRS Audit of Dr. Julie Seel (TY 2021)

Dear Ms. ▮▮▮▮▮▮▮

Please find attached my formal demand letter dated September 4, 2025, regarding the IRS audit of my 2021 tax year. This correspondence details a comprehensive timeline of irregularities, procedural violations, and credible evidence of retaliation and collusion involving state and federal actors. It reiterates my status as a declared federal and state whistleblower and a protected member of the ADA, and sets forth specific legal and factual grounds for immediate intervention.

I am requesting:

- An immediate stay of all audit and enforcement activity pending review by the Taxpayer Advocate Service (TAS) and the Treasury Inspector General for Tax Administration (TIGTA);
- Full production of the administrative record, including all notices, correspondence, and the audio recording (or written certification of its absence) from our May 9, 2025 interview;
- A formal, written ruling on my hardship and stay request, with escalation to your manager and group/territory manager as required by IRS policy;
- A complete accounting of all third-party contacts and the process by which my confidential address was obtained and used;
- Immediate recusal and referral to TIGTA for independent investigation, given the appearance of impropriety and conflict of interest.

Failure to comply with these demands will be documented and preserved for judicial and administrative review, including federal court actions for injunctive relief and damages.

Please confirm receipt of this letter and provide a written response to each demand by the deadline specified therein. All future communications should be in writing to my address on record and to Mr. ▮▮▮▮▮▮▮

Respectfully,

SEEL_PUB_0010-0021 - 1

**Subject:** DEMAND FOR IMMEDIATE STAY, PRODUCTION OF RECORDS/AUDIO, AND PROOF OF AUTHORITY — IRS Audit of Dr. Julie Seel (TY 2021)

**Date:** September 4, 2025

Cc'ed:

 **CPA**

om

**To:** Ms. ██████████████
Internal Revenue Service – Charlotte Field Office

██████████████████

███████ @irs.gov

### Introduction Summary for Reviewers

This letter details a pattern of serious procedural irregularities, due process violations, and credible evidence of retaliation and collusion in the IRS audit of my 2021 tax year. As a declared federal and state whistleblower and a protected member of the ADA, I have repeatedly notified the IRS of ongoing coordinated attacks by state and federal actors—including my former counsel, the North Carolina Psychology Board, and others—who have exploited confidential information and weaponized government process to silence and harm me. The attached chronology and supporting evidence demonstrate that audit actions were triggered and escalated in direct response to protected activity and litigation threats, with critical notices sent to incorrect or confidential addresses, contradictory instructions, and a refusal to provide required documentation or hardship relief. These failures, combined with the agent's own conflicts of interest and the agency's refusal to investigate or accommodate, compel immediate intervention, a stay of all audit activity, and full production of the administrative record for independent review. Failure to comply will be preserved for judicial and administrative action, including referral to TIGTA and the Department of Justice for investigation and enforcement.

### Dear ██████████████

This is a formal demand for immediate stay, full production, and proof of authority regarding the IRS audit of my 2021 tax year. I reiterate that I am a previously declared federal and state whistleblower and a protected member of the ADA, as made clear in our initial meeting on May 9, 2025. At that meeting with Mr. ██████████ explicitly informed you of my intent to pursue RICO charges against multiple actors in the State of North Carolina—including district attorneys, judges, sheriff's departments, ██████████████████████████—for systemic violations of my

1

SEEL_PUB_0010-0021 - 2

First, Fourth, Fifth, and Fourteenth Amendment rights, and repeatedly voiced concern this yet another retaliatory effort on one or more of their parts to silence me. Despite this, you refused to provide whistleblower protection or relief, investigate for retaliatory motive, and your actions have further violated my Tax Payer Rights, and due process and confidentiality rights, in apparent collusion with one or more of these same actors, by exploiting my status as an unrepresented, ADA-protected individual in a complex tax matter.

**Comprehensive Timeline and Key Facts (with Timestamps):**

- **August 23, 2023:**
  The IRS issued a notice reflecting a change of address to ▮▮▮▮▮▮▮▮▮ Durham, NC.

- **September 14, 2024:**

  Dr. Seel moves to a secure location, however, required to give ▮▮▮▮▮▮▮ new address to receive electronic file of case, and the NC Psychology Board due to ongoing investigation. No other person knew of this address to extreme concerns for safety for myself and minor daughter.

- **October 15, 2024:**
  CPA ▮▮▮▮▮▮filed Dr. Seel's 2023 tax return, which was accepted by the IRS. He inadvertently changed the address to ▮▮▮▮▮▮▮▮, Durham, NC 27705, using this address for safety reasons and at Dr. Seel's explicit demand that her new location not be disclosed. (See EXHIBIT : First two pages of 2023 Tax Return.)

- **March 27, 2025:**
  Escalation of hostility with ▮▮▮▮▮▮▮▮who was informed informally that he would be sued for his conduct. From this point, it is clear ▮▮▮▮ began speaking to third parties, including the IRS, to protect himself and retaliate against me.

- **April 8, 2025, 4:07 PM:**
  IRS Letter 2295 generated by you to ▮▮▮▮▮▮▮▮▮, Greensboro, NC (a city where I have never resided), threatening adverse action within 10 days for alleged non-response to a prior requests that now have been confirmed by you never existed.

- **April 8, 2025, 4:42 PM:**
  I notified ▮▮▮▮▮▮▮ of my intent to sue him; at 4:56 PM, he replied that he would "be free to speak with whomever to defend himself"—within minutes of your audit notices being generated.

- **April 8, 2025, 5:12 PM:**
  IRS Letter 3164-E generated by you to ▮▮▮▮▮▮▮▮, Durham, NC (the correct address on file), instructing me to "do nothing" and stating the audit would run from **May 26, 2025 to May 25, 2026.**

- **April 9, 2025:**
  Both letters mailed to the respective addresses and returned as undeliverable by the US Postal System on April 21, 2025.

2

SEEL_PUB_0010-0021 - 3

ranslate

- **April 14, 2025:**
  CPA [REDACTED] submitted **IRS Form 9325**, documenting acceptance of a 2024 extension and continuing to use [REDACTED]**, Durham, NC 27705**, in light of Dr. Seel's ongoing concerns about the dangerousness of [REDACTED], whose access to her personal information and residence already resulted in intimidation and harassment.

- **April 25, 2025:**
  Both notices re-mailed by certified mail to my **confidential address**—an address known only to [REDACTED] and the North Carolina Psychology Board, again, not even by my trusted CPA or on any IRS record.

- **May 2, 2025:**
  I received the certified audit notice at my confidential address, just two weeks before the NC Psychology Board's Statement of Charges (May 16, 2025).

- **May 4–5, 2025:**
  I notified Ms. [REDACTED] in writing of extreme hardship, retaliation, and safety concerns, and requested accommodations and a stay.

- **May 9, 2025, 10:00–11:17 AM:**
  In our initial interview (attended by CPA [REDACTED], you clearly stated at the outset that the meeting was being recorded and that you were required by law to notify us of this and was being done for "quality assurance purposes," to protect both you the examiner and me. You asked us both to confirm that we were okay with being recorded. We said yes. You then went on to read through the Taxpayer Bill of Rights. I gave a thorough briefing on disclosures of retaliation, hardship, and whistleblower status and my health issues and complications. Both Mr. [REDACTED] and I recall this meeting was recorded with certainty, as reflected in contemporaneous notes, and per IRS policy I am entitled to a copy.

- During this interview, I made clear my intent to pursue RICO charges, detailed the pattern of collusion and retaliation, and requested whistleblower protection and relief and demanded an investigation into potential retaliatory motives and players. You gave false assurances that you were certain it was random because you were audited twice and you worked at the IRS. You refused both an investigation into retaliation and a stay for hardship, stating the audit "clock had started" and nothing "could stop this clock once the 10-day letter is sent." While you appeared sympathetic, you claimed there could not be any formal hardship stay, in direct contradiction to IRS policy and the Taxpayer Bill of Rights.

- **August 1, 2025:**
  After weeks of being on leave or busy, you pressed to "have all issues resolved by the end of next week," just before my Board hearing, again aligning IRS demands with state-level proceedings, on **August 14-15, 2025.**

- **September 4, 2025:**
  You deny a recording ever existed. Confirm that the April 8, 2025 notices were the only notices sent regarding this audit. Confirm that hardship stays are not possible once an

3

SEEL_PUB_0010-0021 - 4

audit begins. Your latest escalation arrives on the eve of my **September 29, 2025** civil trial, continuing the pattern of coordinated, retaliatory pressure.

**Pattern of Collusion and Retaliation:**

- You were made aware that Mihaly has repeatedly filed spurious, unsubstantiated claims in civil filings and the media, including allegations of money laundering, fraud, and tax evasion. ███████ fully aware these were false, nevertheless used his privileged access to my confidential information to trigger this audit, despite knowing I was barely functioning and posed no "impending" threat to the country or IRS.

- Both ██████ and the NC Psychology Board have manipulated and exploited vulnerable individuals to inflict serious harm on me, including orchestrating criminal and professional charges, and facilitating the unauthorized disclosure of my confidential address to the IRS.

- The rapid escalation from sending notices to two different addresses on the same day with conflicting messages, to locating me at a confidential location within three weeks raises serious concerns about improper access to protected information and potential collusion with parties under scrutiny—specifically, those who were aware they would be named as defendants in forthcoming RICO litigation.

**Violations and Misstatements:**

- You now deny the existence of the May 9, 2025 audio recording, despite your explicit disclosure at the start of the meeting and the clear recollection and notes of both myself and Mr. ████████

- While 26 U.S.C. § 7521 and IRS policy do not require the IRS to record all interviews, if you did record—as you stated—you are required to provide a copy upon request. If no recording exists, I demand a written certification to that effect. Your refusal to produce the recording, or to provide all notices and documentation justifying the April 8, 2025 10-day demand letter, constitutes a violation of due process, the Taxpayer Bill of Rights, and IRS recordkeeping obligations. The pattern of denying the existence of critical evidence—first with the alleged notices, now with the audio recording—raises serious concerns about transparency, compliance, and the integrity of this audit process.

- You have repeatedly stated, to include today, that "once an audit begins, and since I ignored a number of prior notices a 10-day letter is triggered, it cannot be stopped even due to hardship. September 4, 2025 you stated "I also want to say that I completely understand and empathize with Ms. Seels' hardships and health challenges. The IRS is certainly not trying to overwhelm her or make things more difficult. At the same time, once the audit process has started, it does need to keep moving forward as it can't just be put on hold indefinitely. For reference, the IRM reminds us to keep cases moving forward.

- While I am only pro se, Ms. ████████, I have spent the past year studying the law, as it seems those entrusted with the law abuse those without knowledge:

**1. IRS Policy and Legal Requirements for Hardship Stays**

4

SEEL_PUB_0010-0021 - 5

- **IRS agents are required to consider and formally rule on hardship requests.** The Internal Revenue Manual (IRM) provides for administrative discretion to grant a stay, abatement, or "currently not collectible" status in cases of extraordinary hardship, serious illness, trauma, or circumstances beyond the taxpayer's control. This is not discretionary patience—it is a legal and procedural obligation.

- **Taxpayer Bill of Rights:** I have the right to a fair and just tax system, including the right to expect the IRS to consider facts and circumstances that might affect my ability to comply, and fairly represent myself and interest, and to receive relief where equity and good conscience require it.

- **ADA and Rehabilitation Act:** The IRS is required to provide reasonable accommodation for individuals with disabilities or serious health conditions, and to consider requests for stays or extensions on that basis (42 U.S.C. §§ 12101 et seq.; 29 U.S.C. § 794).

- **Case Law:** Courts have held that the IRS and Tax Court must consider the totality of a taxpayer's circumstances, including trauma, abuse, and health crises, when determining whether to grant equitable relief or a stay (see Commissioner v. Neal, 557 F.3d 1262 (11th Cir. 2009); Greer v. C.I.R., 595 F.3d 338 (6th Cir. 2010)).

### 2. What the IRS/ Ms. ▓▓▓ Should Have Done

- **Formally Document and Rule on Hardship:** You were required to document my hardship request in the case file and either grant or formally deny it, with a written explanation. A flippant or informal "I've been patient" is not a substitute for a formal ruling.

- **Managerial Escalation:** Once you stated you could not grant a Hardship stay, I asked you to escalate the request to your immediate manager and, if necessary, to the group manager or territory manager. You stated it wouldn't matter because the 10-day letter was already triggered. The IRM requires that hardship and accommodation requests be reviewed at the managerial level if not resolved by the agent.

- **Taxpayer Advocate Service (TAS):** Since I was denied a stay or reasonable accommodation, and all the other questionable behaviors you have demonstrated, I will request immediate intervention by the Taxpayer Advocate Service, which can order a stay or abatement in cases of significant hardship, retaliation, or due process concerns.

- **TIGTA Referral:** Since there was credible evidence of retaliation, collusion, or abuse of process, you were required to refer the matter to the Treasury Inspector General for Tax Administration (TIGTA) for independent investigation (IRM 25.2.2.4.1, 25.2.2.4.2), you failed to do so, thus violating due process.

- In sum, your claims are false, and as an IRS agent, you know this. IRS policy, the Taxpayer Bill of Rights, and controlling case law (including Commissioner v. Neal and Greer v. C.I.R.) require the IRS to consider and grant hardship relief, stays, and accommodations where warranted by extraordinary circumstances, including disability, retaliation, and ongoing litigation.

5

SEEL_PUB_0010-0021 - 6

- You have refused to provide a list of third-party contacts, while it is clear there is at least one, you failed to upload all audit notices and correspondence as agreed, and have not explained how my confidential address was obtained and used, in violation of 26 U.S.C. §§ 6103, 6110, and FOIA.

- You have failed to investigate or refer credible allegations of retaliation and collusion to TIGTA, as required by IRM 25.2.2.4.1, 25.2.2.4.2, and 26 U.S.C. § 7803(d)(3)(B).

### 3. Unsuitability/ Unfit as an IRS Agent:

The sequence and timing of your audit actions—including the issuance of two contradictory notices on April 8, 2025 (one to Greensboro at 4:07 PM with a 10-day demand based on alleged prior notices that were never sent, and one to Durham at 5:12 PM instructing "do nothing"), the unexplained alteration of the city of record for only the 10-day notice, and the subsequent use of my confidential address (known only to ███████ and the North Carolina Psychology Board)—raise grave concerns about procedural integrity and the source of your information.

These irregularities, combined with your ongoing bankruptcy and history of tax liens, create a clear appearance of impropriety and a heightened risk of undue influence or quid pro quo, whether intentional or not. IRS and OPM standards (IRM 1.1.1.5, 5 C.F.R. § 2635.101(b), RRA '98 § 1203) require agents to avoid any conduct that could compromise impartiality or create even the appearance of susceptibility to outside influence. The fact that only parties with a direct interest in harming me had access to my confidential address, and that your audit actions coincided precisely with the escalation of hostility from ███████ (who was on notice of impending litigation and has a documented history of manipulating vulnerable individuals), further amplifies the risk of improper influence and collusion.

Given the established pattern of ███████ and the NC Psychology Board exploiting vulnerable actors to weaponize against me, I have substantial reason to believe you were compromised and used as an instrument to harass and silence me. Under IRS and TIGTA policy, any agent with a conflict of interest or vulnerability to outside influence must be immediately recused, and the matter referred for independent investigation (IRM 1.1.1.5, 26 U.S.C. § 7214(a)(8)). The appearance of impropriety alone is sufficient to warrant removal and referral to TIGTA for review.

Your continued participation under these circumstances undermines the integrity of the audit, exposes the IRS to liability, and deprives me of my statutory and constitutional rights to a fair, impartial, and unbiased process. I demand your immediate recusal, referral of this matter to TIGTA for independent investigation, and a full accounting of all communications and relationships with ███████, the NC Psychology Board, and any other state actors involved in this matter.

### Legal and Constitutional Violations:

- **RICO (18 U.S.C. §§ 1961–1968):** The pattern of collusion, retaliation, and coordinated action among state and federal actors, including the use of IRS process to further a campaign of harassment, supports a prima facie claim under RICO.

6

SEEL_PUB_0010-0021 - 7

- **Deprivation of Rights Under Color of Law (42 U.S.C. § 1983):** The use of government authority to deprive me of due process, equal protection, and access to the courts is actionable under § 1983.

- **Intentional Infliction of Emotional Distress:** The deliberate timing, escalation, and refusal to accommodate known disabilities and hardship constitute intentional infliction of emotional distress under federal and state law.

- **First Amendment:** Retaliation for protected speech, advocacy, and whistleblowing is presumptively unconstitutional (Hudson Valley Black Press v. IRS; Zherka v. Ryan; Norcal Tea Party Patriots v. IRS).

- **Fourth Amendment:** The unauthorized use and disclosure of my confidential address, and the lack of proper notice or justification, violate my right to be free from unreasonable searches and seizures.

- **Fifth and Fourteenth Amendments:** The denial of due process, refusal to provide notice, and failure to allow for meaningful participation and accommodation are clear constitutional violations.

- **ADA and Rehabilitation Act:** Your refusal to grant a hardship stay or provide reasonable accommodation is a direct violation of 42 U.S.C. §§ 12101 et seq. and 29 U.S.C. § 794.

- **Confidentiality of Taxpayer Information:** 26 U.S.C. § 6103 strictly prohibits unauthorized disclosure or use of taxpayer information, including confidential addresses.


**Key Supporting Authority and Case Law:**

- *Hudson Valley Black Press v. IRS*, 409 F.3d 106 (2d Cir. 2005): IRS must not proceed with enforcement where there is credible evidence of retaliatory or improper motive; meaningful review and recusal are required.

- *Zherka v. Ryan*, 52 F. Supp.3d 571 (S.D.N.Y. 2014): Retaliatory investigations require independent scrutiny and suspension of agency action.

- *Norcal Tea Party Patriots v. IRS*, 2015 WL 7008130 (S.D. Ohio Nov. 12, 2015): Government action tainted by collusion or retaliation may warrant dismissal or equitable relief, including a "fresh start."

- *Commissioner v. Neal*, 557 F.3d 1262 (11th Cir. 2009); *Greer v. C.I.R.*, 595 F.3d 338 (6th Cir. 2010): IRS and Tax Court must consider trauma, abuse, and hardship in granting relief.

- 26 U.S.C. §§ 6103, 6110, 7521, 7429; 5 U.S.C. § 552 (FOIA); 42 U.S.C. §§ 12101 et seq.; 29 U.S.C. § 794; Taxpayer Bill of Rights; IRM 25.2.2.4.1, 25.2.2.4.2, 4.10.2, 4.10.9, 4.11.57; RRA '98 § 3705.

**DEMANDS:**

7

SEEL_PUB_0010-0021 - 8

1. **Immediate Stay:** Suspend all audit and enforcement activity pending review by the Taxpayer Advocate Service (TAS) and the Treasury Inspector General for Tax Administration (TIGTA), based on substantial hardship, retaliation risk, and due-process concerns.

2. **Audio & Notes:** Produce the audio recording (or certify in writing if none exists) of the May 9, 2025 interview, and all related notes/communications. Preserve all ESI.

3. **Complete Administrative File:** Upload the entire case file, including all initial-contact letters/notices, case activity record, workpapers, documentation of address changes, handling of undeliverable mail, and scope/approval documents.

4. **Third-Party Contacts:** Provide the required advance notice and a complete log of all third-party contacts (names, dates, purposes); produce phone/email logs; cease further third-party contacts pending review.

5. **Scope Limitation:** Confirm in writing that the exam remains limited to TY 2021 unless the IRS first obtains documented managerial approval and issues proper written notice.

6. **Proof of Authority & Identification:** Provide your name, direct phone, unique IRS employee ID, and the names and contact information of your immediate manager and their manager. Produce proof of current authority/credentials and fitness to serve as examining agent, including suitability/clearance status consistent with IRS/OPM policy.

7. **Recusal/Reassignment:** In light of the irregularities, scope threats, timing relative to Board/civil matters, and the appearance of bias/financial conflict, suspend your role and transfer the case to a different examiner. Provide written confirmation from your manager that you have been removed pending TIGTA/TAS review.

8. **Preservation:** Confirm in writing that you and your office have placed a litigation hold on all records and ESI concerning audit initiation, address sourcing, and communications with any third parties (Board, Mihaly, James, etc.).

9. **Judicial Review and Global Stay:** I request immediate judicial review and a global stay on this and any additional audits, examinations, adjustments, or enforcement actions for any tax period until final disposition by the appropriate federal court or a written court order authorizing resumption. You are further requested to coordinate with state authorities to prevent duplicative or coercive action.

10. **If you decline any item, provide the specific legal basis (statute/IRM) for doing so.**

All future communications must be in writing to my mailing address on record (REDACTED) and to Mr. ██████ I am contemporaneously notifying TAS and TIGTA.

**Failure to comply with these demands will be documented and presented in ongoing and future judicial proceedings, including federal court actions for injunctive relief, damages, and comprehensive equitable relief. Any further adverse action taken in contravention of these rights will be central to all future judicial and administrative review.**

8

**Reference to Table of Key Evidence**

- For the convenience of the reviewing authority and to ensure a clear, factual record, a Table of Key Evidence is provided above. Each item is cross-referenced to the relevant date, file, and description, substantiating the claims of procedural irregularities, retaliation, collusion, and due process violations detailed in this complaint. All referenced exhibits are available upon request or as attached to this submission.

Respectfully,

/s/ Dr. Julie Seel, PhD

Dr. Julie Seel, PhD
[Mailing address on record — REDACTED]
Email: ███████████████████████████

Date: September 4, 2025

**Key Supporting Authority:**

- 26 U.S.C. §§ 6103, 6110, 7521, 7429; 5 U.S.C. § 552 (FOIA); 42 U.S.C. §§ 12101 et seq.; 29 U.S.C. § 794; Taxpayer Bill of Rights; IRM 25.2.2.4.1, 25.2.2.4.2, 4.10.2, 4.10.9, 4.11.57; Hudson Valley Black Press v. IRS; Zherka v. Ryan; Norcal Tea Party Patriots v. IRS; RRA '98 § 3705; Fifth and Fourteenth Amendments.

## Table of Key Evidence

| # | Date/Time | Evidence/Exhibit/File Name | Description & Rationale |
|---|-----------|----------------------------|------------------------|
| 1 | Aug 23, 2023 | IRS Notice: Address Change | IRS notice reflecting change to ███████████ ████████ Durham, NC, before move to secure location. |
| 2 | Sep 14, 2024 | Address Disclosure to ████ & NC Psychology Board | Only ██████████ and the Board were given the new confidential address for safety; CPA did not have it. |
| 3 | Oct 15, 2024 | 2023 Tax Return Filed by CPA ████████ | Return accepted by IRS, address set to ████████ Dr., Durham, NC, at explicit request for privacy. |
| 4 | Mar 27, 2025 | 0327.25 Emails with ██████ and escalation of hostility.pdf | ██████ informed he would be sued; subsequent evidence suggests he began contacting third parties, incl. IRS. |
| 5 | Apr 8, 2025, 4:07 PM | 0408.25 IRS Letter to Greensboro | Letter 2295 sent to wrong city, threatening 10-day action for non-response to prior requests (none sent). |

9

SEEL_PUB_0010-0021 - 10

| # | Date/Time | Evidence/Exhibit/File Name | Description & Rationale |
|---|---|---|---|
| 6 | Apr 8, 2025, 4:42 PM | Email to ▮▮▮ Notice of Intent to Sue | Notice to ▮▮▮ of intent to sue; at 4:56 PM, he replied he would "speak with whomever." |
| 7 | Apr 8, 2025, 5:12 PM | 0408.25 IRS Letter 3164-E to Durham | Letter 3164-E sent to correct address, instructing "do nothing," audit period May 26, 2025–May 25, 2026. |
| 8 | Apr 9, 2025 | Mailing of Both Notices | Both letters mailed, returned undeliverable by USPS on Apr 21, 2025. |
| 9 | Apr 14, 2025 | IRS Form 9325 (2024 Extension) | CPA ▮▮▮▮▮ files extension using ▮▮▮▮ ▮▮▮▮ r., confirming address on file. |
| 10 | Apr 25, 2025 | Certified Mail to Confidential Address | Both notices re-mailed to undisclosed address known only to ▮▮▮ and the Board. |
| 11 | May 2, 2025 | Receipt of Certified Audit Notice | First actual receipt of audit notice, two weeks before Board's Statement of Charges. |
| 12 | May 4–5, 2025 | 0505.25 Seel communication to ▮▮▮ pdf | Written notification to Ms ▮▮▮ of extreme hardship, retaliation, and request for stay/accommodation. |
| 13 | May 9, 2025, 10:00–11:17 | 0509.25 Email exchange with IRS ▮▮▮ pdf | Initial interview with Ms. ▮▮▮ and CPA ▮▮▮ ▮; Ms ▮▮▮ stated meeting was being recorded. |
| 14 | May 9, 2025 | 2025-05-09 Initial Phone Call Confirmation LETTER 3253.pdf | Documentation of requests for stay, production of notices, and investigation into audit irregularities. |
| 15 | Aug 1, 2025 | 2025-07-22 Email Information REquest.pdf | IRS pressed to resolve audit just before Board hearing, aligning federal and state pressure. |
| 16 | Sep 4, 2025 | 0904.25 Email from ▮▮▮ to ▮▮▮.pdf | Ms. ▮▮▮ denies recording exists, confirms only two notices sent, and claims hardship cannot stop audit. |
| 17 | Ongoing | Mihaly's Spurious Claims in Civil Filings/Media | Mihaly repeatedly files unsubstantiated claims of money laundering, fraud, and tax evasion. |
| 18 | Ongoing | Envelopes and Certified Mail Receipts | Evidence of address handling failures and use of confidential address. |

10

SEEL_PUB_0010-0021 - 11

| # | Date/Time | Evidence/Exhibit/File Name | Description & Rationale |
|---|---|---|---|
| 19 | Ongoing | Correspondence with ████ and ████ | Emails and letters showing threats, collusion, and coordination with state actors. |
| 20 | Ongoing | Medical Documentation | Letter from oncology office substantiating ████ diagnosis and need for accommodation. |
| 21 | Ongoing | Court Filings and Board Complaints | Filings and complaints showing pattern of malicious prosecution, retaliation, and due process violations. |
| 22 | Ongoing | 0617.25 Mihaly email settlement offer extortion email.pdf | June 17, 2024, extortion letter from Mihaly; Oct 27, 2024, extortion letter to ████████ |
| 23 | Ongoing | Video Testimony of ████ ████████ | Video statement from Mihaly's ex-wife detailing abuse, exploitation, and threats. |

11

SEEL_PUB_0010-0021 - 12