# EXHIBIT F ADDENDUM — Demand for Immediate Stay, Production of Records/Audio, and Proof of Authority

## Public Version — Redacted per Fed. R. Civ. P. 5.2 and M.D.N.C. L.R. 5.4(c)

**Via Email and Certified Mail**

**Date:** October 15, 2025

Cc'ed:

**Mr. Antonio McDaniel, CPA**



**To:** ▮▮▮▮▮▮▮▮▮▮▮▮
Internal Revenue Service
Small Business/Self-Employed Division



▮▮▮▮▮▮▮▮▮▮@irs.gov

Attn: ▮▮▮▮▮▮▮ Group Manager

**Subject: ADDENDUM — Demand for Immediate Stay, Production of Records/Audio, and Proof of Authority** *IRS Audit of Julie M. Seel (Tax Year 2021): Scope of Audit, Threatened Expansion, and Procedural Violations*

### Unified Introductory Statement

This addendum is submitted in further support of my September 4, 2025 (Exhibit E Sept 4 2025 Demand for IRS Stay) demand for immediate stay, production, and proof of authority regarding the IRS audit of my 2021 tax year. It supplements the main letter with additional, critical evidence of extreme duress, systemic retaliation, and ongoing danger caused by Robert Mihaly, the North Carolina Psychology Board, former counsel Randy James, and other state actors. It also documents the Durham Superior Court's retaliatory and discriminatory conduct, the denial of E-court access, and the escalation of defamatory and harassing filings. These materials, together with all referenced and exhibits submitted to the US District Court, must be reviewed in full by the IRS, TAS, TIGTA, and any federal authority to ensure a complete and accurate record for administrative and judicial review, prior to continuing this retaliatory audit.

**Post-Submission Developments (IRS).** On **Sept. 23, 2025,** the IRS served an **Administrative Summons** under 26 U.S.C. §7602 compelling Dr. Seel's appearance on **Oct. 21, 2025** and seeking additional records—despite her pending civil-trial schedule, prior hardship/ADA notices, and unresolved questions regarding retaliation and confidentiality. On **Sept. 25, 2025,** the IRS issued a written notice admitting that on **April 8, 2025** it **disclosed Dr. Seel's confidential information to an unauthorized recipient (Exhibit H IRS Confidentiality-Breach Letter).** This admission substantiates Plaintiff's 9/04 submission regarding address misuse and third-party contacts and triggers remedies under **26 U.S.C. §§6103, 7431.** Plaintiff renews and expands her requests for an immediate **TAS Taxpayer Assistance Order (26 U.S.C. §7811),** temporary **stay of summons enforcement,** reassignment to an uninvolved examiner, and full production of third-party contact logs and the May 9 interview audio or a sworn certification of non-existence. See Sept. 4 demand letter with timeline and authorities. TAS relief is warranted due to **significant hardship** (litigation prejudice, safety, health).

I will **petition to quash any third-party summons** under §7609(b)(2) and preserve the right to petition to quash any new summons.

This addendum specifically addresses:

- The improper threat to expand the audit beyond Tax Year 2021, in direct contradiction to prior written and oral representations, and in violation of IRS procedures requiring documented justification, managerial approval, and proper notice.

- A comprehensive, itemized list of supporting documents and exhibits substantiating the pattern of procedural violations, due process deprivations, and retaliatory conduct.

- The expanded record of extreme duress, systemic retaliation, and ongoing danger, including evidence of Mihaly's criminal background, the NC Psychology Board's collusion, ███████████ misconduct, and the Durham Superior Court's ongoing denial of access to justice and E-court.

- The urgent need for immediate federal intervention, whistleblower and ADA protection, and referral for criminal investigation under RICO and related statutes.

- The dismissal of concerns brought on September 4, 2025 letter and simple transfer of case from Agent Francis to Ms. ████████ and her subsequent escalation in the use of her powers to issue multiple **Administrative Summons** issued under 26 U.S.C. §7602 summons records and requirement of appearance on October 21, 2025. Despite knowing fully the retaliatory atmosphere, and extreme stress, and knowing that I am protected under the ADA and the Whistleblower Protection Act, Ms. ███████ sent these notices on September 23, 2025 to time perfectly once again with scheduled trial date of September 29, 2025. Further evidence of collusion and coordination with State actors and the Federal Government.

- The admission by the IRS that on April 8, 2025—the date in which two suspicious notices were sent to two different addresses by Agent ████████- that the IRS disclosed my personal information to someone not authorized to receive it. This further supports that this person – either former attorney ████████ or the NC Psychology Board –who provided my private

address in which only they could have known, or weaponized known retaliatory actor Robert Mihaly to trigger this audit.

These materials are essential to ensure a full and fair evaluation of the claims, demands, and supporting evidence presented, and must be reviewed in conjunction with the main demand letter and all referenced attachments.

### I. Scope of Audit, Threatened Expansion, and Procedural Violations

- The **April 8, 2025** Letter 3164-E that the reviewing tax period was for Tax period ending 12/31/2021,and Agent ███████ May 5, 2025 email both confirm the audit was limited to Tax Year 2021.

- The **April 8, 2025** Letter 2295, sent to Greensboro, specifically states "Tax periods: December 31, 2021."

- During our **May 9, 2025** interview, Agent ███████ expressly stated her jurisdiction was limited to TY 2021 and that she was not permitted by law to examine other years.

Despite these clear limitations, on **September 4, 2025**—just weeks before my scheduled civil trial—Agent ██████ warned that **"additional letters may be issued expanding to the other years"** unless I immediately complied with her coercive demands. This abrupt threat to expand the audit beyond the documented and admitted scope, timed to coincide with critical court deadlines, is coercive and inconsistent with IRS procedures. Under the Internal Revenue Manual (IRM 4.10.2.2.3, 4.10.2.9.2), any expansion of audit scope requires:

- Documented justification,

- Managerial approval,

- Proper written notice to the taxpayer specifying the new years under examination.

No such documentation, approval, or notice has been provided. The timing and context—against a backdrop of ongoing retaliation, hardship, and litigation—raise serious due process concerns and will be presented as evidence of harassment and extortion to the court, the Taxpayer Advocate Service (TAS), and the Treasury Inspector General for Tax Administration (TIGTA).

**Legal Authority:**

- Taxpayer Bill of Rights (right to be informed, right to a fair and just tax system)

- 26 U.S.C. § 7605(b) (limiting unnecessary examinations)

- IRM 4.10.2.2.3, 4.10.2.9.2 (scope expansion procedures)

- Due Process Clause, U.S. Const. amends. V & XIV

**Demand:**

I demand immediate written confirmation that the scope of this audit remains limited to TY 2021, and that no expansion will occur without full compliance with all legal and procedural requirements. Any further threats or attempts to expand the audit in retaliation for protected activity or to coerce compliance will be preserved as evidence of abuse of process and reported to all appropriate oversight authorities.

II. Violations in Notice Sequence, Third-Party Involvement, and Collusion

1.  **Contradictory and Procedurally Defective IRS Notices**

    o   On **April 8, 2025, at 4:08 PM**, IRS Letter 2295 was generated and sent to ███████ ███████ **Greensboro, NC**—a city where I have never resided.

    o   The letter falsely claimed prior unresponsiveness and threatened enforcement within ten days.

    o   Only **one hour and five minutes later (5:12 PM)**, IRS Letter 3164-E was issued to ███████████ **Durham, NC,** authorizing third-party contacts effective **May 25, 2025 – May 26, 2026.**

    o   This sequence violated the ten-day notice requirement under **26 U.S.C. § 7602(c)** and **IRM 4.11.57.4.1.**

2.  **Improper Third-Party Contact and Disclosure**

    o   Third-party communications were initiated or threatened without proper authorization.

    o   The IRS failed to provide the required contact list and safeguard my **confidential address,** violating **26 U.S.C. § 6103.**

3.  **Procedural Due-Process Violations**

    o   The accelerated and contradictory notices deprived me of a meaningful opportunity to respond or seek relief.

    o   These acts breached the **Taxpayer Bill of Rights,** as well as **Fifth** and **Fourteenth Amendment** protections.

4.  **Evidence of Collusion and Abuse of Process**

    o   The timing and content of these letters, along with contemporaneous communications from ███████████ and **Robert Mihaly,** show coordination and retaliatory purpose.

    o   **This evidence further supports** a finding of bad-faith initiation and improper use of the IRS summons power.

SEEL_PUB_0022-0033 - 4

### III. Expanded Record of Misconduct, Retaliation, and Procedural Failures

1. **April 25, 2025 – Mail Redirection and Confidential Address Exposure**

   o  After the misaddressed April 8 letters, returned mail was redirected to my **private, guarded-community address** on April 25, 2025 — an address known only to former counsel ███████ and the **NC Psychology Board.**

   o  This redirection occurred while I had active safety concerns and ADA accommodation requests on record.

   o  The use and dissemination of this confidential address without authorization constitutes a clear **violation of 26 U.S.C. § 6103** and raises serious concerns of coordinated retaliation.

2. **May 5, 2025 – Hardship and Retaliation Notice (Exhibit D)**

   o  I provided written notice to the assigned IRS agent detailing ████████████ **history, safety threats,** and **active retaliation** connected to state proceedings.

   o  This communication expressly requested a **pause in enforcement** and referral to **TIGTA** (Treasury Inspector General for Tax Administration).

   o  No response, acknowledgment, or hardship accommodation was ever provided.

3. **September 4, 2025 – Emergency Demand for IRS Stay (Exhibit E)**

   o  I formally demanded a stay of enforcement and independent investigation based on multiple indicators of collusion, retaliatory motive, and procedural irregularities.

   o  The document was sent to IRS management, detailing address inconsistencies, overlapping state action timelines, and interference by identified third parties.

   o  Despite this clear notice, IRS personnel continued to advance enforcement steps.

4. **September 11–22, 2025 – CPA Communications with IRS Management**

   o  My CPA, **Antonio McDaniel,** spoke with IRS Group Manager ████████████ and her supervisor regarding my hardship and health conditions.

   o  He was told "nothing could be done" and that "taxes must be paid as soon as possible."

   o  The manager acknowledged receipt of the September 4 demand but failed to initiate any TIGTA referral or internal review.

5. **September 23–25, 2025 – Issuance of Four Third-Party Summonses (Exhibit G)**

- Within days of those communications, the IRS issued and mailed four third-party summonses compelling my appearance on **October 21, 2025**, directly overlapping with the **Seel v. Mihaly** civil trial.

- The summonses were not copied to my CPA despite a **valid Power of Attorney (Form 2848)** on file.

- The timing and bypass of counsel strongly suggest **retaliatory escalation** and abuse of process.

6. **September 25, 2025 – IRS Acknowledges Confidentiality Breach (Exhibit H)**

  - The IRS admitted, in writing, that it had **disclosed my personal information** to an unauthorized party on or about **April 8, 2025**.

  - The agency stated it "did not know if the information was misused," despite clear evidence that the information was in fact exploited to trigger and intensify harassment and stress during parallel litigation.

  - This admission confirms the underlying basis for my **retaliation claim** and the necessity for a **hardship stay and full TIGTA investigation**.

7. **Pattern of Retaliation Across Agencies**

  - These IRS events coincide with a series of retaliatory filings and disciplinary complaints initiated by **Robert Mihaly,** ███████ and affiliated state actors.

  - The timing aligns with critical moments in ongoing litigation and professional proceedings, reinforcing the inference of a **coordinated campaign of harassment**.

  - The cumulative record demonstrates the IRS's failure to observe **neutral administrative process, confidentiality**, and **ADA compliance**.

## IV. Legal Authority and Standards

The relief requested in this motion is grounded in the **Internal Revenue Code**, the **Taxpayer Bill of Rights**, and controlling judicial precedent that safeguard taxpayers from abuse of process, retaliation, and procedural irregularities. These authorities collectively require the Internal Revenue Service to act in good faith, issue clear and timely notices, and avoid any enforcement action that causes unnecessary hardship or undermines due process guarantees. Where credible evidence demonstrates retaliation, disclosure violations, or failure to follow required administrative steps, the Court is empowered to quash or stay enforcement and to direct a retaliatory-audit review under **26 U.S.C. § 7811, § 7602(c), and § 7609(b)(2)**.

## V. TruthFinder Report: Agent LaDonya Francis's Financial Vulnerability and Unfitness to Serve

The attached TruthFinder report and supporting public records establish that IRS Agent ██████ ████ who was assigned to my audit, has a documented history of significant financial distress—

including a pending Chapter 13 bankruptcy (filed October 4, 2024, in South Carolina), a prior bankruptcy in Virginia (2010), and multiple outstanding tax liens totaling over $22,000. These facts are not in dispute and are corroborated by court dockets and lien records.

This level of ongoing financial vulnerability is directly relevant to her fitness to serve as a federal tax examiner in this matter. IRS policy (IRM 1.1.1.5), federal ethics regulations (5 C.F.R. § 2635.101(b)), and the Restructuring and Reform Act of 1998 (RRA '98 § 1203) require that IRS employees avoid any conduct that could create the appearance of impropriety, conflict of interest, or susceptibility to outside influence. The risk of undue influence or quid pro quo is heightened in this case, given the well-documented pattern of ████████ and the North Carolina Psychology Board exploiting vulnerable individuals to further retaliatory and abusive objectives against me.

The presence of these unresolved financial issues, combined with Agent ████ access to my confidential address (known only to ████ and the Board) and the timing of her audit actions, creates a clear appearance of impropriety and a substantial risk that her impartiality has been compromised—whether intentionally or not. Under IRS and TIGTA policy, any agent with such conflicts or vulnerabilities must be immediately recused, and the matter referred for independent investigation (IRM 1.1.1.5; 26 U.S.C. § 7214(a)(8)).

### VI. IRS Notice September 25, 2025 of Confidentiality Breach

On September 25, 2025, the IRS sent notice that on or about April 8, 2025, they disclosed my personal information to someone not authorized to receive it. This is an admission of my suspicions that ████████ and Agent ████ were working together to retaliate against me and coordinated with Robert Mihaly, the NC Psychology Board, and Durham Superior Court to continuously and aggressively violate my due process rights and Constitutional protection.

### Demand:

Agent ████ is aware of the letter sent to the IRS on September 4, 2025, aware of the extreme retaliatory environment and aware of extreme hardship, and yet she as manager has only escalated and coordinate with civil trial date to cause more harm. I demand immediate recusal from this audit, referral of this matter to TIGTA for independent investigation, and a full accounting of all communications and relationships with ████████ the NC Psychology Board, and any other state actors involved in this matter, or Robert Mihaly or any other improper actor in this. The attached TruthFinder report is submitted as direct evidence of Agent ████ unfitness to serve as an IRS agent in this case and as further support for my demand for urgent federal intervention and protection, and the fact that on the date of April 8, 2025 of the only two letters being generated for this audit, was the date of the breach of my confidentiality.

### Supporting Documentation: Mihaly's Criminal Background, Fraud, and Pattern of Targeting Vulnerable Individuals

The attached and referenced documentation establishes a clear, multi-decade pattern of criminal conduct, fraud, and predatory behavior by Robert Mihaly. This evidence is directly relevant to the

context of retaliation underlying the IRS audit and supports the urgent need for federal intervention and protective action.

**Key Points and Supporting Evidence:**

- **Extortion, Threats, and Retaliation:**

  - The June 17, 2024 extortion email from Mihaly, and the October 27, 2024 extortion letter to █████████████ document explicit threats to destroy reputations, coerce settlements, and weaponize legal and administrative processes for personal gain. These communications are direct evidence of Mihaly's intent to retaliate and inflict harm through coordinated abuse of process.

  - Video testimony https://www.youtube.com/watch?v=cuim8R7AV-M&t=36s and Exhibit of texts from █████████████ Mihaly's ex-wife, and his partner of 20 years, ███████████, details a longstanding pattern of abuse, exploitation, and threats, corroborating the written evidence and establishing Mihaly's modus operandi of targeting and intimidating vulnerable individuals.

  - October 8, 2025, Mihaly committed multiple acts of perjury to get a Temporary Domestic Violence Order of Protection against █████████████ in an effort to get the video taken down and to silence her from disclosing the truth, resulting in extreme stress and ████ reaction, and financial burden and reputational harm— this is witness intimidation and may be a felony in the state of North Carolina.

- **Pattern of Malicious Prosecution and Abuse of Process:**

  - Mihaly has repeatedly filed spurious, unsubstantiated criminal and civil claims— including money laundering, fraud, and tax evasion—against me and others, all of which have been dismissed or found to lack merit. Court records and filings show a consistent pattern of using the legal system to harass, intimidate, and silence those who challenge him. These are acts of witness intimidation and further criminal activity to silence me.

  - The May 2, 2025 felony filing a false lien (dismissed August 6, 2025); June 29, 2024 misdemeanor larceny charge (dismissed August 15, 2024); and the August 15, 2024 misdemeanor conversion by bailee charge (dismissed September 21, 2024) are further examples of Mihaly's abuse of the criminal justice system for retaliatory purposes; and July 8, 2024 NC Psychology Professional Board complaints (ongoing), were all made with Roy Taylor, law enforcement officer, as witness making false claims to support Mihaly. To note, both coordinated with Person County Sheriff's Department to physically intimidate me prior to July 1, 2024 probable cause hearing inside the courthouse, and to have me publicly arrested and humiliated in New Hanover county for felony charge.

- **Fraud and Exploitation of Vulnerable Individuals:**

  - The attached comprehensive timeline and supporting exhibits document Mihaly's history of romance scams, financial exploitation, and fraudulent misrepresentation

SEEL_PUB_0022-0033 - 8

of credentials and business activities. Multiple witnesses, including former partners and clients, have provided statements and evidence of Mihaly's pattern of preying on those in vulnerable positions, including the elderly, grieving families, and individuals with medical or psychological challenges.

- Mihaly's use of fabricated stories, false credentials, and internet personas to solicit money, sympathy, and professional opportunities is well-documented in the record and has been the subject of prior law enforcement and regulatory complaints.

- **Coordinated Retaliation with State Actors:**

  - The record demonstrates that Mihaly's retaliatory actions have been enabled and amplified by collusion with state actors, including the North Carolina Psychology Board, former counsel ███████ and others. This includes the unauthorized disclosure of confidential information, manipulation of court and administrative processes, and the orchestration of coordinated attacks against me as a whistleblower.

  - The timing of Mihaly's filings and public statements has consistently coincided with key litigation events, Board actions, and the initiation of the IRS audit, further supporting the inference of coordinated retaliation.

- **Judicial and Administrative Recognition of Retaliatory Motive:**

  - Judicial admonishments and findings in related proceedings have recognized Mihaly's repeated use of improper means to influence court outcomes and his pattern of retaliatory conduct. Despite this, state agencies and courts have continued to advance his claims and deny me protection, compounding the harm and enabling further abuse.

**Legal and Policy Relevance:**

- The documented pattern of criminal conduct, fraud, and retaliation by Mihaly is directly relevant to the IRS audit, as it establishes a credible, ongoing threat to my safety, professional standing, and due process rights.

- Federal law and IRS policy require the agency to consider the totality of circumstances— including credible evidence of retaliation, abuse of process, and extraordinary hardship— when determining whether to grant relief, stay enforcement, or refer matters for criminal investigation (see 26 U.S.C. § 7429, § 6651(a)(1); Commissioner v. Neal, 557 F.3d 1262 (11th Cir. 2009); Greer v. C.I.R., 595 F.3d 338 (6th Cir. 2010).

- The IRS, TAS, and TIGTA are obligated to refer matters involving firm indications of fraud, extortion, or willful misuse of federal authority to criminal investigative authorities and to provide whistleblower and witness protection as warranted (IRM 1.1.1.5; 26 U.S.C. § 7214(a)(8); 45 C.F.R. § 2554.51; Hudson Valley Black Press v. IRS; Zherka v. Ryan).

**Demand:**

On **Sept. 25, 2025,** the IRS notified Dr. Seel that her confidential tax information was **improperly disclosed** on **April 8, 2025** to an **unauthorized person.** Plaintiff preserves her **civil claim for statutory and actual damages** under **26 U.S.C. §7431** and demands the names of all recipients, the precise data disclosed, dates/methods of transmission, and remedial steps. This disclosure corroborates the address irregularities and third-party contacts set out in the **Sept. 4 letter.**

Pursuant to **26 U.S.C. §§7521 & 7605(a)** and the Taxpayer Bill of Rights, I will **record** any interview and reserve the right to **suspend** to consult my CPA/counsel. Given my CPA's schedule, I request a **30-day continuance** beyond the October 21, 2025 appearance date, and that the interview be conducted **remotely,** limited to **TY 2021.** Please confirm in writing and provide the **§7602(c)** third-party contact log and your **May 9, 2025 audio** or certification of non-existence. See my **Sept. 4, 2025** letter for the full chronology and authorities.

Given the overwhelming evidence of Mihaly's criminal background, history of fraud, and pattern of targeting vulnerable individuals—including myself and my witnesses—and my former attorney's Randy James unlawful and unethical behaviors, and the violations of due process by my NC Psychology Board, and the extreme hardship and distress I am under as both someone protected under the ADA and the Whistleblower Act, I demand that the IRS, TAS, and TIGTA:

**Requested IRS-Related Orders/Directives.** Plaintiff requests that the Court:
(1) **Acknowledge** the Sept. 25, 2025 IRS admission of **unauthorized disclosure** (26 U.S.C. §6103) and preserve Plaintiff's **§7431** damages and discovery rights;
(2) **Note** that any Oct. 21, 2025 interview is subject to **26 U.S.C. §7521**—including the rights to record, to suspend the interview to consult a representative, and to insist on reasonable time/place under **§7605(a);**
(3) **Direct** the parties to meet-and-confer regarding a **reasonable continuance** or remote appearance post-trial, limited to TY 2021 unless properly expanded;
(4) **Encourage immediate TAS intervention** (26 U.S.C. §7811) given litigation hardship and safety issues, with the IRS to file a short status notice on TAS disposition; and
(5) **Order preservation/production** of (a) the **§7602(c)** third-party contact log and (b) the **May 9, 2025** interview audio or, if none exists, a **sworn certification** from the IRS declaring non-existence and explaining the discrepancy with the meeting disclosures documented in Plaintiff's Sept. 4 letter.

- Immediately stay all audit and enforcement activity pending full federal review and criminal investigation;

- Refer this matter to IRS Criminal Investigation and the Department of Justice for evaluation under RICO and related statutes;

- Provide all appropriate whistleblower and witness protections, and ensure that all evidence of Mihaly's conduct is preserved and considered in any administrative or judicial proceeding.

SEEL_PUB_0022-0033 - 10

## VII. Conclusion

Taken together, these documented actions demonstrate a clear pattern of administrative misconduct, retaliation, and procedural disregard inconsistent with the **Internal Revenue Manual**, the **Taxpayer Bill of Rights**, and constitutional due-process requirements. The cumulative record establishes that the audit and summons process were not conducted in good faith but were instead weaponized to exert pressure during concurrent state and professional proceedings.

Respectfully submitted,

/s/ Julie M. Seel

Julie M. Seel
Pro Se Petitioner
[Address Redacted for Public Filing]
Email: [Redacted for Public Filing] | Phone: [Redacted for Public Filing]

Date: October 15, 2025

**Attachments (Public / Redacted versions only)**

- **Exhibit E — Emergency Demand for IRS Stay and TIGTA Referral (Sept 4, 2025)** *(Public/Redacted, PDF)*
  **– Prior written demand establishing hardship/retaliation notice and request for stay.**

- **Exhibit H — IRS Confidentiality-Breach Notification Letter (Sept 25, 2025)** *(Public/Redacted, PDF)*
  **– IRS admission of PII disclosure on or about Apr 8, 2025.**

- **Exhibit M — Declaration of Antonio McDaniel, CPA (Oct 14, 2025)** *(Public/Redacted, PDF)*
  **– Confirms 9/22 extension to 10/31, agent communications, and unavailability on 10/21.**

- **Exhibit N — Form 911 (Request for TAS Assistance / TAO) (Oct 15, 2025)** *(Public/Redacted, PDF)*
  **– Seeks hardship stay and retaliatory-audit review under 26 U.S.C. § 7811.**

- **Exhibit G — Public Summary Sheet: Set of IRS Third-Party Summonses (Issued Sept 23–25, 2025; Appearance Noticed for Oct 21, 2025)** *(Public Summary, PDF)*
  **– Names of summoned entities and dates only (no account/PII).**

- **Exhibit D — Hardship & Retaliation Notice to IRS Agent (May 5, 2025)** *(Public/Redacted, PDF)*
  **– Contemporaneous ADA/hardship and retaliation notice.**

- **Exhibit I — Revenue Agent LaDonya C. Francis: Public-Records Packet** *(Public/Redacted, PDF)*
  – Public-records suitability/recusal context.

- **Exhibit J — Comprehensive Timeline & Record Index (Compiled Oct 2025)** *(Public/Redacted, PDF)*
  – Chronology tying IRS actions to parallel proceedings.

- **Exhibit K — Public Summary Sheet & Excerpt: Tina Motley-Pearson Statement** *(Public Summary, PDF)*
  – Pattern/retaliation corroboration without PII.

SEEL_PUB_0022-0033 - 12