# Exhibit P  Proposed Orders to Seal, Short and Long Form

## Submitted in Support of:
Emergency Motion to Quash IRS Summonses,
for Protective Order, and for Temporary Stay
Dr. Julie M. Seel v. United States of America, et al.
Civil No. _____ (M.D.N.C.)

SEEL_PUB_0059–0069 - 1

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF NORTH CAROLINA

---

**Dr. Julie M. Seel,**
  *Petitioner,*

v.

**United States of America;**
**Internal Revenue Service;**
**Revenue Agent LaDonya C. Francis (official & individual capacities);**
**Group Manager Rachel Moninger (official capacity);**
**Pathward, N.A.;**
**Cash App / Block, Inc.;**
**Zelle;** and
**Venmo / PayPal Holdings, Inc.,**
  *Respondents.*

Civil No. _____

---

## [PROPOSED] ORDER

Upon consideration of **Petitioner Dr. Julie M. Seel's Emergency Motion to Quash IRS Summonses, for Protective Order, and for Temporary Stay,** together with the supporting exhibits, declarations, and the record before the Court, and for good cause shown, it is hereby **ORDERED** that:

---

### 1. Stay of Enforcement

Enforcement of the IRS third-party summonses identified in *Exhibit G* is **STAYED** pending further order of this Court.

---

### 2. Powell Certification and Declaration

Within **fourteen (14) days,** the United States and the Internal Revenue Service shall file a sworn **Powell certification and declaration** specifying, for each summons:

- (a) The legitimate purpose of the summons;

- (b) The relevance of each category of information requested;

- (c) The information already in the IRS's possession; and

SEEL_PUB_0059–0069 - 5

- (d) The administrative steps taken, including the sequence, purpose, and handling of the April 8, 2025 correspondence and the subsequent use of Petitioner's private address beginning April 25, 2025.

### 3. Protective Order

Pending final resolution, all materials produced or obtained by the IRS in connection with these summonses shall be subject to the following protective conditions:

- (a) All medical, psychological, ADA-related, and safety-sensitive information shall be **filed under seal**;

- (b) Redisclosure of any protected material is **prohibited** except for legitimate tax-administration purposes; and

- (c) Any disputes concerning privileged or ADA-protected information shall be submitted to the Court for **in camera review.**

### 4. Preservation of Records

The IRS shall **preserve all address-management files, returned-mail documentation, and electronic routing metadata** from **April 1 through October 14, 2025,** including any communications between IRS personnel, former counsel **Randy James,** and North Carolina Psychology Board officials referencing Petitioner or related address changes.

### 5. Referral for Oversight

A copy of this Order shall be **transmitted to the Treasury Inspector General for Tax Administration (TIGTA)** for independent review of alleged retaliation, misuse of taxpayer information, procedural non-compliance, and potential violations of **26 U.S.C. § 7214(a)(8).**

### 6. Expedited Hearing

The Clerk is directed to **schedule an expedited hearing** on Petitioner's motion to occur **before October 21, 2025,** or as soon as practicable consistent with the Court's calendar.

**SO ORDERED** this _____ day of October, 2025.

_____
United States District Judge
Middle District of North Carolina

SEEL_PUB_0059–0069 - 6

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF NORTH CAROLINA

---

**Dr. Julie M. Seel,**
   *Petitioner,*

v.

**United States of America;**
**Internal Revenue Service;**
**Revenue Agent LaDonya C. Francis (official & individual capacities);**
**Group Manager Rachel Moninger (official capacity);**
**Pathward, N.A.;**
**Cash App / Block, Inc.;**
**Zelle;** and
**Venmo / PayPal Holdings, Inc.,**
   *Respondents.*

Civil No. _____

---

## [PROPOSED] ORDER (LONG FORM)

This matter comes before the Court on the **Emergency Motion of Petitioner, Dr. Julie M. Seel**, to **quash IRS third-party summonses**, for a **protective order**, and for a **temporary stay of enforcement**.

Having reviewed the motion, supporting exhibits, sworn declarations, and the applicable law, and finding good cause shown, the Court enters the following findings and orders:

---

## I. FINDINGS OF FACT

1. On or about **April 8, 2025**, the Internal Revenue Service ("IRS") issued two separate and contradictory audit letters to Petitioner—one misaddressed to **Greensboro, NC**, and another to **Durham, NC**, Petitioner's actual residence. These letters provided inconsistent instructions and deprived Petitioner of lawful notice under **26 U.S.C. § 7602(c)** and **IRM 4.11.57.4.1**.

2. On **September 23–25, 2025**, the IRS issued four third-party summonses to multiple financial institutions and payment platforms, compelling compliance and appearance on **October 21, 2025**—a date overlapping with pre-scheduled state-court proceedings in *Seel v. Mihaly* (24 CVS 4389, Durham County Superior Court).

3. Petitioner has shown substantial evidence that the timing, pattern, and dissemination of IRS correspondence were **not initiated in good faith**, but coincide with a broader campaign

SEEL_PUB_0059–0069 - 7

of retaliation, judicial bias, and professional misconduct involving overlapping state and administrative actors.

4. Petitioner has documented **PTSD and cancer-related disabilities** that qualify under the **Americans with Disabilities Act (ADA)**, and has shown that she repeatedly requested hardship accommodations and safety protections, which were denied.

5. The record includes evidence of **confidentiality breaches, third-party disclosures**, and **use of Petitioner's private guarded-community address**—known only to limited state officials and a former attorney—raising serious questions about misuse of confidential taxpayer data.

6. Petitioner and witness **Tina Motley Pearson** have presented credible evidence of ongoing **harassment, cyberstalking, and retaliatory legal filings** by **Robert Mihaly**, including a **felony** and **two misdemeanor charges** against Petitioner, **more than a dozen professional charges, FAA complaints,** and **misdemeanor stalking charge and order of protection** against witness Tina Motley Pearson intended to silence testimony. These acts appear part of a pattern of intimidation and misuse of judicial process.

7. Petitioner's filings demonstrate **prima facie evidence of bad faith and retaliatory purpose,** satisfying the standard set forth in *United States v. Powell*, 379 U.S. 48 (1964), and *United States v. Clarke*, 573 U.S. 248 (2014).

---

## II. CONCLUSIONS OF LAW

1. Under **26 U.S.C. §§ 7602 and 7609**, the Internal Revenue Service's summons authority is conditioned upon **good faith, procedural regularity, and adherence to statutory notice requirements.**
   Where a taxpayer presents a substantial and specific showing of **bad faith, improper purpose, or retaliatory motive,** the Court possesses authority to **quash, modify, or stay enforcement** of such summonses pending full judicial review.
   See *United States v. Powell*, 379 U.S. 48 (1964); *United States v. Clarke*, 573 U.S. 248 (2014).

2. The record before this Court demonstrates that the IRS summonses at issue were **issued in violation of procedural safeguards, lacked adequate notice,** and appear to have been **motivated by a retaliatory and improper purpose.**
   The evidence supports a plausible finding that these summonses were not the product of a neutral, random tax-administration inquiry as presented by Agent Francis, but rather part of a **coordinated campaign of retaliation** connected to ongoing state-court and administrative proceedings.
   These acts, undertaken in coordination with or at the instigation of private and governmental actors—including individuals with personal or financial motives—represent a misuse of federal authority intended to **silence, intimidate, and discredit** an injured, ADA-protected party exercising her civil and constitutional rights to petition and to speak on matters of public concern.

**SEEL_PUB_0059–0069 - 8**

Such misuse of process contravenes the constitutional guarantees of **due process, equal protection, and access to justice.**

3. Under its **inherent equitable authority** and pursuant to **28 U.S.C. § 1367**, this Court may exercise **supplemental and protective jurisdiction** to ensure the protection of federally guaranteed rights, to prevent further retaliation or harassment across state and federal forums, and to safeguard witnesses who face ongoing threats or intimidation linked to these proceedings.

4. The Court further concludes that **protective relief, judicial oversight, and independent review** are warranted to prevent continued harm, to ensure compliance with the **Americans with Disabilities Act (42 U.S.C. § 12132),** and to preserve evidence essential for a **comprehensive federal investigation** by the Treasury Inspector General for Tax Administration (TIGTA) and the Department of Justice.

---

## III. ORDER

Accordingly, IT IS HEREBY ORDERED that:

### 1. Stay of Enforcement

Enforcement of the IRS third-party summonses identified in *Exhibit G* is **STAYED** pending further order of this Court.

---

### 2. Powell Certification and Declaration

Within **fourteen (14) days,** the United States and the IRS shall file a **Powell certification** and sworn declaration specifying for each summons:

- (a) The legitimate purpose of the summons;

- (b) The relevance of each requested category of material;

- (c) The information already in the IRS's possession; and

- (d) The administrative steps taken, including the sequence, purpose, and handling of the **April 8, 2025** correspondence and the subsequent use of Petitioner's private address.

---

### 3. Protective Order

All materials obtained by the IRS in connection with these summonses are subject to the following conditions:

- (a) All medical, psychological, ADA, and safety-related materials shall be **sealed;**

- (b) Redisclosure is prohibited except for legitimate tax-administration purposes; and

- (c) Disputes concerning privileged or ADA-protected information shall be resolved through **in camera review.**

### 4. Preservation and Forensic Review

The IRS shall **preserve and produce routing metadata** for the period **April 1–October 14, 2025,** including communications between:

- IRS personnel and address-management staff;

- Former counsel **Randy James** and any IRS.gov domains;

- **NC Psychology Board** and **Deputy Attorney General Sondra Panico**; and

- Any other third parties whose communications may have influenced the April 8 address changes or third-party disclosures.

Such metadata shall be preserved in a non-content format pending further order of this Court.

### 5. Judicial and Investigative Oversight

A copy of this Order shall be **transmitted to the Treasury Inspector General for Tax Administration (TIGTA)** and the **Department of Justice Office of Professional Responsibility** for independent investigation into:

- Retaliatory use of federal enforcement mechanisms;

- Misuse or disclosure of confidential taxpayer information;

- Collusion under color of state authority; and

- Violations of 26 U.S.C. § 7214(a)(8).

### 6. Protective Orders for Petitioner and Witness

The Court further **extends protective conditions** to Petitioner **Dr. Julie M. Seel** and witness **Tina Motley Pearson**, prohibiting **Robert Mihaly**, **Roy Taylor**, **Randy James**, and **the NC Psychology Board or its counsel** from direct or indirect contact, harassment, or dissemination of defamatory material, including but not limited to the removal of all online smear content (e.g., *www.julieseel.com*).

### 7. Federal Review of Related Proceedings

The Court exercises ancillary jurisdiction to:

SEEL_PUB_0059–0069 - 10

- (a) Conduct a **judicial review of state and administrative proceedings**, including *Seel v. Mihaly* and related NC Psychology Board actions;

- (b) Issue a **stay** on all pending or ongoing NC Psychology Board deliberations; and

- (c) Direct the **United States Department of Justice** to conduct a **comprehensive investigation** into the multi-year conduct of **Robert Mihaly**, associated entities, and alleged collusion by state officials.

## 8. Expedited Hearing

The Clerk is directed to schedule an **expedited hearing** on this matter to occur **prior to October 21, 2025,** or as soon as practicable consistent with the Court's docket.

**SO ORDERED** this _____ day of October, 2025.

_____

United States District Judge
Middle District of North Carolina

**SEEL_PUB_0059–0069** - 11